# DANIEL HALLESY

## *v.*

# OBADIAH JACKSON *et al.*

1. SPECIFIC PERFORMANCE—*defeated by gross laches.* In 1846, the complainant purchased an eighty-acre tract of land by a verbal contract, and conveyed to the vendor forty acres of land to secure the payment

of the price of the other tract, with interest. The complainant finding that he could get the money at a less rate of interest, by consent of all parties, the vendor conveyed both tracts to one J, who advanced the money and became substituted in the place of the original vendor. In 1849, the complainant paid J a portion of the purchase money. In 1868, the heirs of J, he having died, conveyed the lands to G, when the complainant filed his bill to have the deed to G declared a mortgage, and for redemption from the same, or have a trust declared, or to compel the heirs of J to account for the value of the lands: *Held*, that the relation of the original parties as to the eighty-acre tract was that of vendor and vendee; that J, by substitution, took the place of the vendor, and that the complainant's remedy as to this tract was by bill for specific performance, but that, by his gross *laches* and inexcusable delay in completing the contract, he was barred of that remedy.

2. MORTGAGE—*right to redeem from conveyance given as a security.* Where a party, in 1846, conveyed forty acres of land to one from whom he had verbally purchased an eighty-acre tract, as a security for the payment of the purchase money, and, in 1848, by agreement, one G was substituted as vendor, and both tracts were conveyed to him by the original vendor, who was paid by G, and the heirs of G, after his death, sold and conveyed both tracts: *Held*, that the relation thus created as to the forty acre tract was that of mortgagor and mortgagee; that the sale and conveyance by the heirs was a distinct abandonment and repudiation of the contract of sale as to the other tract, and operated to discharge the vendee from the payment of the price, and therefore was a satisfaction of the mortgage, and that the heirs were liable, on bill to declare and enforce the trust, to account to the mortgagor for the value of the forty-acre tract, after deducting taxes paid.

3. LIMITATION—*bill to redeem from mortgage.* By analogy to the ordinary limitation of rights of entry and actions of ejectment, the mortgagor's right of redemption in equity will be barred in twenty years from the time the mortgagee enters into possession after breach of condition.

4. SAME—*enforcement of trust.* It seems that the statute of limitations will not be applied in a proceeding in equity to enforce a trust to reconvey the legal title to lands after discharge from the mortgage debt.

5. PARTIES IN CHANCERY—*on a bill to enforce trust.* On bill to declare and enforce a trust against the heirs of a deceased trustee, the administrator of such deceased trustee is not a necessary party.

APPEAL from the Circuit Court of Lake county; the Hon. ERASTUS S. WILLIAMS, Judge, presiding.

Messrs. JOSLYN & SLAVIN, for the appellant.

Mr. A. CATE, for the appellees.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a bill in equity, filed on the 7th day of March, 1868, against the heirs of Obadiah Jackson, who died in October, 1865, and Jacob Guth, the grantee of said heirs, for the purpose of having a warranty deed of certain lands from R. K. Swift to said Jackson, of the date of January 17, 1848, declared to be only a mortgage from Hallesy, the complainant, to Jackson, and for the redemption thereof; or to have it declared that the lands were held in trust by Jackson for Hallesy; or that said heirs should account for and pay to complainant the value of the land sold to Guth.

The allegations of the bill, substantially, are, that the complainant was the owner in fee of the southeast quarter of the northeast quarter of section 28, township 45 north, range 6 east; that Swift purchased, at the Land Office of the United States, the south half of the northwest quarter of section 27, in the same township and range, and adjoining the first described tract, and that, at the same time, January 17, 1846, the complainant conveyed to Swift said forty-acre tract of land by a warranty deed absolute on its face, with the verbal agreement on the part of Swift to convey both tracts to the complainant, on repayment to Swift of the purchase price of the eighty-acre tract and the agreed interest thereon; that on the 17th day of January, 1848, there was found to be remaining due from Hallesy to Swift, on the land, the sum of $80, and Hallesy meeting with an opportunity to arrange with Jackson for the payment of a less rate of interest, it was agreed between these two that Jackson should be substituted in the place of Swift in the former agreement, with the exception of a less rate of interest to be paid, and Swift accordingly executed to Jackson, on the last named day, a quit-claim deed, with special warranty, of both said tracts of land, with the expressed consideration of $80; that on February 4, 1849, Hallesy paid Jackson $25 on account of the land; and that, on the 17th day of January, 1868, the heirs of said Jackson,

he having previously died, conveyed both said tracts of land to Jacob Guth, by their special warranty deed, for the sum of $1200. Before the hearing, complainant dismissed the bill as to Guth.

The court below, on the hearing, dismissed the bill and the case is brought here by appeal.

Without entering into a review of the evidence, it will suffice to say that the conclusion arrived at, from a careful consideration of the testimony, is, that the allegations of the bill are substantially sustained by the proofs.

As respects the tract of land of eighty acres, we think the position of Swift and Hallesy, in regard to that tract, as shown by the proofs, was that of vendor and vendee. Jackson came into the place of Swift by substitution. This was in 1848. In 1849, Hallesy paid Jackson $25 on the $80, the remaining unpaid portion of the purchase money for the eighty acres, and never paid anything more. This bill was filed in 1868. The complainant's form of remedy as to this tract is for a specific performance of the contract of sale. But his gross *laches* and inexcusable delay in completing the contract manifestly debar him from any claim to a specific performance. He has shown himself just the reverse of being "ready, desirous, prompt and eager" to perform the contract, as, in the language of the books, he should have been, to entitle him to a specific performance. Indeed, the contract would seem to have been mutually abandoned.

Hallesy paid no taxes on the eighty acres; it was not fenced, and remained wild land, except that Hallesy merely broke eight or nine acres, and it does not appear on which one of the two tracts even this was done. We think the court below properly dismissed the bill as to the eighty-acre tract of land.

As to the forty-acre tract, this was conveyed by Hallesy to Swift by way of security for the payment of the purchase money for the eighty acres, although the conveyance was by a deed absolute on its face.

As to this tract, then, the relation of Hallesy and Swift was that of mortgagor and mortgagee, and Jackson took the position of Swift.

The sale and conveyance of both tracts of land by the heirs of Jackson to Guth, was a distinct act of abandonment and repudiation of the contract of sale of the eighty acres. In consequence of that act, they were not in a condition to perform their own part of the contract, and could not have compelled a specific performance on the part of Hallesy.

Hallesy is neither entitled to the eighty acres, nor could he obtain it from the heirs of Jackson if he were, and he is discharged from the payment of the purchase price for it. As the forty acres was conveyed merely as security for the payment of such purchase money, Hallesy's discharge from its payment is tantamount to payment, as respects the mortgage; and, upon such discharge, Hallesy was entitled to a re-conveyance of this tract, and were it still in the hands of these heirs, they would be mere trustees, holding but the naked legal title in trust to be re-conveyed to Hallesy.

As they have made a disposition of the land for their own use by the sale of it to Guth, they must account to Hallesy for the value of this forty-acre tract at the time of such sale, or for the proceeds of the sale, deducting taxes paid.

Appellees' counsel urges, in support of the decree dismissing the bill, that it was one to redeem a mortgage, and that the right of redemption was barred by the lapse of twenty years, and that the administrator of Jackson was a necessary party to such a bill, and was not made such.

The ordinary limitation of the time within which a mortgage is redeemable, as laid down in the books, is twenty years from the time when the mortgagee has entered into possession after breach of the condition, under his title, by analogy to the ordinary limitation of rights of entry and actions of ejectment. Here the mortgagee does not appear to have entered into possession, and it is uncertain when the breach of condition took place, as the evidence does not fix the time when

the money was payable. However, it is unnecessary to pronounce upon this point, as this is not regarded as a proceeding to redeem, but rather as one to enforce the trust to reconvey after discharge from the mortgage debt, and such proceeding was not barred by lapse of time; and as no redemption is had, the personal representative of Jackson was not a necessary party.

The decree is affirmed, except as to the forty-acre tract of land; as to that it is reversed and the cause remanded for further proceedings in conformity with this opinion.

*Decree reversed in part.*