AUSTIN v. WILSON ET UX.

1. **Adverse Possession**: BOND FOR DEED. A party in possession of land under a bond for a deed which provided that if he made default in payment he should have the rights of a tenant at will, and be allowed thirty days after notice in which to quit, does not hold adversely to the owner until after such notice shall have been received.

2. ———: STATUTE OF LIMITATIONS. The fact that more than ten years had elapsed since the maturity of the last note for the purchase money would not constitute a defense to an action to recover possession.

3. ———: ———. Proof that the notes were barred by the statute would not sustain an affirmative averment of payment.

*Appeal from Winneshiek Circuit Court.*

SATURDAY, JUNE 16.

ACTION to recover possession of certain real estate in the city of Decorah. The title of record is in the plaintiff. In 1862 he executed a bond to the defendant, S. O. Wilson, whereby he obligated himself to convey the land to him, upon the payment of certain notes given him for the purchase money, the last of which matured in 1864. Wilson took possession under his purchase, and has been in possession since that time. At one time his interest was sold upon an execution against him, and was bought by one Phelps who acquired a sheriff's deed, and conveyed to the defendant, Sarah L. Wilson, the wife of said S. O. Wilson. The bond provides that if default is made in the payment of any of the notes, the said Austin reserves the right to sell the premises to any other person; that said Wilson shall forfeit the payments previously

made, that the bond may be declared canceled, and the said Wilson be declared the tenant at will of said Austin.

The defendants in their answer set up the facts above stated, and plead adverse possession. The plaintiff filed a reply admitting substantially the facts as stated, but denies that the possession was adverse and avers that the notes have not been paid, and that thirty days before the commencement of the action he served a notice upon the defendants that the bond was canceled by reason of the forfeiture of its conditions, that the defendants were in possession as his tenants at will, and were required to surrender the possession within thirty days.

To this reply the defendants demurred in the following words:

"1. Said reply admits that defendant, S. O. Wilson, had open, continuous, and uninterrupted possession of the premises in controversy since May 1st, 1862, and that he took possession under the bond set out in defendants' answer, and that more than ten years had elapsed since the last of the notes therein mentioned became due, and before the commencement of this suit.

"2. Said reply does not aver that the indebtedness on said notes had been revived by the said S. O. Wilson's written admission or promise to pay the same, made prior to the purchase by Phelps from Cooley.

"3. Said reply admits each and every allegation set up in division two, in defendants' amended answer.

"4. Said reply admits that the premises in controversy were purchased by Phelps, of Cooley, holding under the title of defendant, S. O. Wilson, more than ten years after the last of said notes became due, and that defendant, Sarah L. Wilson, purchased the same upon the presumption, and in the veritable belief, that the plaintiff, Austin, had for more than ten years abandoned all claims in, to, or upon, the premises in controversy."

The court sustained the demurrer, and rendered judgment for the defendants. Plaintiff appeals.

*E. E. Cooley*, for appellant.

*Adams & Bullis*, for appellees.

ADAMS, J.—This action was commenced in May, 1876. Can it be said that the cause of action had accrued ten years prior thereto? In other words, had Wilson wrongfully withheld the possession for ten years prior thereto? We think not. The bond provides that "Wilson is authorized to take possession, subject to the conditions of the bond." One of the conditions was that plaintiff might, if defendant made default, declare the bond forfeited, and declare defendant his tenant at will. By this we understand that the parties provided that, notwithstanding defendant should make default, he should at least have the rights of a tenant at will, and be allowed thirty days after notice in which to quit. The bond was not declared forfeited, and no notice to quit was served until March, 1876, and we cannot think that a cause of action accrued to plaintiff, to recover possession, until after that time.

*1. ADVERSE possession: bond for deed.*

The defendant claims, however, that more than ten years having elapsed since the last note matured it must be presumed that the notes have been paid. If the notes have been really paid that would doubtless constitute a good defense to plaintiff's action, but it should, we think, be set up by way of equitable answer. The legal title is in the plaintiff. The defendant is certainly in default unless the notes have been paid. His right of possession under the agreement would be terminated by the notice. Not having the legal title he could rely upon nothing but his equity, and of that of course only a court of equity could take cognizance.

*2. ——: statute of limitations.*

But suppose he had filed an equitable answer, and set up payment therein. Would proof that the notes were barred by the statute, be sufficient to sustain affirmatively the averment of payment? We think not. If that were so, a debt which is barred would be regarded as extinguished; but such is not the law. A creditor whose debt is barred has still

*3. ——: ——.*

an insurable interest. This was so held in *Rawls v. American Mutual Insurance Company*, 27 N. Y., 282.

The court said: "The debt was not extinguished as in case of payment. It might be renewed by a new promise, and indeed without such promise be enforced by action unless the defense of the statute was directly interposed." See, also, *Penley v. Waterhouse*, 3 Iowa, 418.

The title of Sarah L. Wilson is, we think, not better than that of her husband would have been had the execution sale not taken place. The title of record being in the plaintiff, the said Phelps bought subject to his rights. The non-assertion of his rights could not, as defendant claims, be considered as an abandonment so long as the circumstances were such that the statute had not even commenced to run.

The defendant claims that he has paid a large portion of the notes; that in 1862 the plaintiff left the State and has not returned, and that he was unable to ascertain where he was, or to pay the balance of the notes until after service of notice that the bond and notes were canceled. If such were the facts, they would constitute strong equitable considerations upon any question which might arise as to whether defendant should be relieved from the effects of his default.

It is proper that we should say, that while upon the record the plaintiff appears to be entitled to the possession of the property, we express no opinion as to the defendants' equitable rights.

REVERSED.