MONTGOMERY COUNTY V. JAMES SEVERSON ET AL.

SAME V. OLE SEVERSON ET AL.

SAME V. SPELLMAN ET AL.

1. **Recovery of Real Estate:** POSSESSION UNDER CONTRACT: STATUTE
OF LIMITATIONS: RES ADJUDICATA. The American Emigrant Company had a contract from the plaintiff for the conveyance of the lands in question. Afterwards it contracted to sell the lands to defendants, or their grantors, who entered into possession, and subsequently obtained their respective deeds. The contract between the plaintiff and the company was afterwards adjudged to be void, in a proceeding to which defendants were not made parties. After defendants, or their grantors, had thus been in possession for more than ten years, plaintiff began these actions to recover the lands, on the ground that the company never had any title to sell or convey to them. *Held* that the defendants held the lands under the claim of ownership, and not as tenants; that the actions were barred by the statute of limitations, and that defendants, not being parties, nor tenants of parties, to the action annulling the contract between the plaintiff and the Emigrant Company, were not bound by the decree in that case.

2. ———: STATUTE OF LIMITATIONS: POSSESSION UNDER EQUITABLE TITLE
SUFFICIENT. Under § § 3329, 3330 of the Code, the vendee of real estate, under a bond or writing conditioned for the conveyance upon payment of purchase money, is regarded as the owner of the land, and stands in the same relation as a mortgagor in case of a conveyance and a mortgage back to secure the purchase money; and he is to be viewed in this light until the vendor, if he may do so under the contract, declares that it is forfeited. And possession under such equitable title will support a defense based upon the statute of limitations. *Hamilton v. Wright,* 30 Iowa, 480, followed.

*Appeal from Monona District Court.*

THURSDAY, SEPTEMBER 18.

THESE actions were originally brought at law against the respective defendants first named in the titles of the cases, to recover lands. By amendments of the respective petitions, the American Emigrant Company was made a defendant to each action, and the causes were transferred to the equity docket upon pleadings presenting equitable grounds of relief

or of defense. Upon a trial of the causes on the merits, a decree was entered in each for defendants, quieting the title of the lands claimed by each in him. The plaintiff appeals in each case. The cases, involving substantially the same facts, were tried together in the court below, and are submitted in the same manner to this court. The facts of the case, so far as they are necessary to an understanding of the question of law ruled by the court, are found in the opinion.

*Frank M. Davis* and *McPherson & Mayne*, for appellant.

*Harvey & Davis* and *Joy & Wright*, for appellees.

BECK, J.—I.  The defendants interposed as a defense to the several actions the statute of limitations. As we have reached the conclusion that the defense is a bar to the actions, the facts need not be stated further than they are involved therein. The lands in controversy are situated in Monona county, and were patented to the State of Iowa August 17, 1865, and conveyed by the state to plaintiff September 26, 1865, as indemnity swamp lands.

1. RECOVERY of real estate: possession under contract: statute of limitations: res adjudicata.

On the eighteenth day of April, 1865, the plaintiff, by its board of supervisors, entered into a contract with the American Emigrant Company, agreeing to sell and convey to that company "all the vacant swamp lands owned by the county," and "to sell, assign and release to the company all the rest and residue of the swamp land claim, and the swamp land interest of said county, in law and in equity, of whatever the same may consist, and as fully and to as great an extent as the county may have, hold, or be entitled to the same."

August 1, 1867, the Emigrant Company sold the lands involved in the first action to the original defendant therein by a written contract, agreeing to convey the lands to the purchaser upon payment being made, in several installments, of the purchase money. On the day of the purchase and execution of the contract, the defendant, James Severson, entered

into the possession of the land, and has possessed and occupied it ever since, making improvements thereon. His possession and occupancy has been as a purchaser, and he has from the first held the land under a claim of right in himself, and not as a tenant or trespasser. The land involved in the second action was, by a like contract, sold to Ole Strand on the same day, who assigned the contract to defendant, Ole Severson. Possession under this contract was taken in August, 1867, and has ever since been held and occupied under a claim of right.

The land involved in the third case was sold by a verbal contract to the defendant's grantor in February or March, 1868, and the possession of the land was entered upon, and fifty of the two hundred acres were broken in June or July following. The land was occupied under the purchase by the defendant and his grantor as owners, and under a claim of right, and not as tenants or trespassers. May 13, 1869, a written contract was entered into between the Emigrant Company and defendants' grantors for the sale of the lands on the same terms as the contract in the other cases. A deed was subsequently executed by the Emigrant Company to each of the defendants, conveying the lands sold him by the contract of the company. These actions were commenced, July 15, 1878.

II. In each case, as we have shown, there was a contract for the sale of the lands, and the respective defendants or their grantors entered into the possession and held and improved the respective tracts as the owners thereof. They did not, it is true, hold the legal title, or claim to hold it, until the deeds to them were executed by the Emigrant Company. Until then they claimed but an equity in the lands, which could be enforced upon payment of the purchase money. It is not necessary for one relying upon the statute of limitation to show a legal title. A claim of right to the land is sufficient. And this claim need not be based upon a legal title, or a

paper title; it may rest in parol. A claim based upon an equity is sufficient. *Hamilton v. Wright*, 30 Iowa, 480.

In the cases before us, the claims of the respective defendants were based upon contracts made by the county with the Emigrant Company, and by that company with the defendants. It matters not that their claims were not well founded for the reason that the contract made by the county was void, which the record shows to be the fact. This did not destroy the effect of the defendants' claims of title, so far as to render them incapable of supporting a defense based upon the statute of limitations. And it cannot be doubted that this defense may be based upon a contract for the purchase of lands. Under such a contract, the purchaser is not a tenant of the holder of the title, but occupies the land as an owner adversely to all other claimants. To hold otherwise would be in conflict with principle. It may be true that he cannot deny the title of the vendor in some cases. But in these cases nothing of the kind is attempted. The defendants insist upon the title of the several vendors of the land.

*Austin v. Wilson*, 46 Iowa, 362, is not in conflict with the foregoing views. In that case it is held that under a bond for the conveyance of land, stipulating that, in default of payment of the consideration, the plaintiff might declare the bond forfeited, and the defendant should have the right of a tenant at will, the cause of action did not accrue until the bond was declared forfeited. It is not held that the grantee in the bond was a tenant of the grantor, or that the land was not held adversely to him before the bond was declared forfeited. Indeed, it appears that the forfeiture of the bond declared by the plaintiff created the tenancy; the relation could not have existed before.

In 1872, the plaintiff brought an action in Montgomery county to amend and set aside the contract between the county and the Emigrant Company, which was finally, in 1877, decided in favor of the county. The original defendants in this action were not made parties in the suit. It is now insisted

that they are bound by the proceedings and judgment in that action. This position is based upon the ground that they are to be regarded as tenants, and, therefore, bound by the judgment against their landlord. But, as we have seen, the relation of tenancy, does not exist between them and the Emigrant Company or plaintiff. The judgment, we think, does not estop defendants. We have considered the cases cited by plaintiff's counsel with attention, and think they are not in conflict with our conclusions. In our opinion the actions are barred by the statute of limitations, and the judgment of the distict court therein ought to be

AFFIRMED.

### SUPPLEMENTAL OPINION.

BECK, J.—A petition for rehearing having been filed in this case, it is thought proper to notice in this manner the main point upon which it is based. Counsel for plaintiff insist that, as defendants were "conditional purchasers" of the land—that is, purchasers under a contract conditioned to be defeated in default of payment of the purchase money, they held under the vendor, and therefore could not set up the statute of limitations. Decisions of the courts of other states are cited in support of the position. In view of an old statute of this state, those authorities are not applicable to the case in hand.

*2. ——: statute of limitations : possession under equitable title sufficient.*

Under Code, sections 3329–30, which have had an existence substantially in their present form since the Code of 1851, (§ § 2094–5) the vendor of real estate, under a bond or writing conditioned for conveyance upon payment of the purchase money, is regarded as a mortgagor in the case of a conveyance and mortgage back to secure the purchase money. He is viewed in this light until the vendor, as in *Austin v. Wilson*, 46 Iowa, 362, if he may do so under the contract, declares that it is forfeited. See the following cases: *Pierson v. David*, 1 Iowa, 23; *Page v. Cole*, 6 Id., 153; *Blair &*

*Co. v. Marsh et al.*, 8 Id., 144; *Hartman v. Clark*, 11 Id., 510.

Until the contract of purchase under which he entered the land is declared forfeited by the vendor, the vendee is regarded as a purchaser and holding as such. His possession as a purchaser is, of course, adverse to the vendor. It cannot be said that a vendee of lands holds as a tenant under the vendor, and, for that reason, cannot set up against him or his vendor the statute of limitations.

While the contract, which counsel for plaintiff describes with emphasis as conditional, is not declared forfeited, the vendee holds the equitable title to the land, which will support a defense based upon the statute of limitations. *Hamilton v. Wright*, 30 Iowa, 480.

These considerations, we think, sufficiently dispose of the position taken by counsel in the petition for rehearing. It is, therefore, overruled.