MONTGOMERY COUNTY v. JAMES SEVERSON ET AL.

THE SAME v. OLE SEVERSON ET AL.

THE SAME v. SPELLMAN ET AL.

1. **Taxes:** PAYMENT BY UNSUCCESSFUL CLAIMANT TO LAND: RECOVERY FROM SUCCESSFUL CLAIMANT. The ground on which the unsuccessful claimant of land has been allowed to recover against the successful claimant the taxes which he has paid on the land is that there was a legal presumption that they were paid at the request of the successful claimant; (*Goodnow v. Moulton,* 51 Iowa, 555;) but such presumption cannot be entertained where both parties pay the taxes for the same year.

SATURDAY, MARCH 20.

ON REHEARING.

REED, J.—The original opinion in these causes is published in 64 Iowa, 326. After that opinion was filed, appellant filed a petition for a rehearing, in which questions which were not discussed in the opinion were reargued. A supplemental opinion was then filed, in which the question mainly relied on by counsel was disposed of. See 64 Iowa, 330. It was urged in the petition for rehearing that appellant, if not entitled to the lands in controversy, should have judgment for the amount of taxes paid by it thereon during the pendency of the controversy. This claim, however, did not receive attention in the supplemental opinion, and appellant

filed a second petition for rehearing, in which it was again urged upon our attention; and, with the view of settling the rights of the parties with reference to that claim, if the record should be found to be in such condition as that we could do so, we granted a rehearing.   We have examined the record, and we find that in the cases against James Severson and Ole Severson there is no evidence of the payment by plaintiff of any taxes on the land in controversy.   It is very clear, therefore, that in those cases plaintiff is not entitled in this proceeding to any relief on that claim.

In the case against T. F. Spellman the evidence shows that for the years 1871, 1873, 1875, 1876 and 1878 both plaintiff and Spellman paid taxes on the lands.   We think it very clear that plaintiff is not entitled to recover of Spellman the taxes paid by it for those years.   For some of the years Spellman was the first to pay the taxes, while in others plaintiff paid first.   But, as he did not accept the benefit of plaintiff's payment for any of said years, he cannot be compelled to account to plaintiff therefor.   A request by him to plaintiff to make the payment cannot be inferred from the circumstances; such presumed request being the ground upon which the successful claimant of lands has been held liable to account to another claimant who paid the taxes thereon while the title was in dispute.   *Goodnow v. Moulton*, 51 Iowa, 555.

For 1877 and 1881 plaintiff alone paid the taxes.   Under the rule settled by the former holdings of this court, plaintiff is entitled to recover the amount so paid, and we think, under the general prayer for relief, it is entitled to judgment for the amount in this action.   The payment for 1877 was made February 20, 1878, and the amount paid was $11.59. The payment for 1881 was made February 20, 1882, and the amount was $15.84.   Plaintiff will therefore have judgment in this court for the amount of said payments, with six per cent interest from the dates they were respectively made.

                                        AFFIRMED.