## L. B. Dunton v. Thomas McCook, Appellant.

**Statute of Limitations:** DEED AS MORTGAGE. Where one gives a deed
which is, in fact, a mortgage, the statute does not begin to run
against his right to demand a reconveyance so long as grantee
in possession treats the deed as being a mortgage.   *Taylor v.*
*Crawford*, 42 Iowa, 262, *distinguished.*

SAME: PLEADING. One who has paid off certain judgments on
which he was liable as surety, brings an action against his prin-
cipal and one to whom the principal had made deed, asking that
the deed be declared a mortgage and that the land be subjected
to said judgments paid off by the surety. *Held,* while the right of
the surety to enforce his claim against the principal bars in five
years, the right to set up the statute is personal to the principal
and not available to his grantee in said deed, alleged to be a
mortgage.

**Deed as Mortgage:** EVIDENCE. A deed may be shown to be in fact, a mortgage, though the grantee assumes a mortgage on the land.

SAME: PRACTICE. An action to have a deed declared a mortgage and to subject the land to judgment debts, may be maintained though the debts for which the deed was given be not fully paid, the rights of the deed holder being duly guarded in the decree.

SAME. Such an action may be maintained though the statutory lien of the original judgments has expired by the lapse of ten years since their rendition.

*Appeal from Mitchell District Court.*—HON. J. C. SHER-WIN, Judge.

FRIDAY, JANUARY 18, 1895.

Action in equity to subject real estate to the payment of two judgments. There was a hearing on the merits, and a decree in favor of the plaintiff. The defendant Thomas McCook appeals.—*Affirmed.*

*John McCook* and *G. E. Marsh* for appellant.

*Eaton & Clyde* for appellee.

Robinson, J.—In December, 1875, the defendant A. F. Tyrrell was the owner of lots 1, 2, 15, and 16 in block 8 in the village of Riceville, in Mitchell county, except a part of lot 2 bounded by lines described as follows: "Commencing at the northwest corner of that lot, thence extending east twenty-four feet, thence south fifty feet, thence west twenty-four feet, thence north fifty feet, to the place of beginning." On the twenty-eighth day of the month named, Tyrrell and his wife executed to the defendant McCook an instrument in writing which purported to be a warranty deed conveying the premises described to him, subject to a mortgage thereon for the sum of one thousand dollars, which he agreed to pay. The instrument was delivered and

recorded the day after it was executed. In May, 1876, a judgment was rendered by the District Court of Clayton county in favor of Jarret & Wilson, and against A. F. Tyrrell, the plaintiff, L. B. Dunton, and others, for the sum of one thousand four hundred and five dollars and five cents, with interest thereon at ten per cent. per annum, and one thousand and one dollars and thirty-five cents costs. A transcript of the judgment was filed in Mitchell county during the same month. The debt on account of which the judgment was rendered was owed by A. F. Tyrrell, the other defendants being sureties only. The plaintiff claims that the judgment is unpaid; that it was assigned to him in November, 1886; that he is now the owner thereof; and that there has been paid thereon only the sum of seven hundred and twenty-eight dollars and ninety-five cents. In June, 1876, the circuit court of Mitchell county rendered a judgment in favor of the Floyd County Savings Bank, and against A. F. Tyrrell, for the sum of five hundred and twenty-nine dollars and eighty-seven cents, and fifty-four dollars and ninety cents costs. The plaintiff afterwards became liable for the payment of the judgment by signing a stay bond, and paid the amount due. He claims that the judgment was assigned to him in August, 1887, and that it is unpaid. He further claims that the instrument executed by Tyrrell to McCook was intended to be a mortgage only; that no consideration for it was paid at the time it was given, but that it was understood that McCook should furnish money to Tyrrell, and assist him in the payment of certain debts, and that the instrument should stand as security for the money which should be so furnished and paid, and that McCook should have possession of the premises which the instrument purported to convey, and collect the rents and profits therefrom, and apply the same to the payment

of Tyrrell's debts to him; that possession of the premises was taken as agreed, a portion of them sold for the sum of one thousand two hundred and fifty dollars, and rents and profits collected, in addition, to the amount of three thousand dollars; and that, in the year 1886, McCook received payment in full of all sums of money due him, and since that time has held the legal title to the premises in trust for the benefit of Tyrrell; and that the latter is now the equitable owner of the premises, excepting the parts thereof which have been sold and conveyed to innocent purchasers. The plaintiff asks that he be subrogated to all the rights of the original judgment creditors acquired by virtue of the judgment described; that the interest of Tyrrell in the premises be determined; that the judgments described be decreed liens on that interest; that it be subjected to the payment of these judgments; and for general equitable relief. The defendant Tyrrell admits the averments of the petition to be true, and asks that he be decreed to be the owner of the premises, subject to the rights of the plaintiff. McCook admits the conveyance to him of the premises, but avers that it was unconditional,—for the consideration of two thousand dollars. He alleges that he took possession of the premises in December, 1875, with the knowledge of Tyrrell, under the conveyance, and remained in open, notorious, and hostile possession thereof until the year 1886, when he sold portions of the premises to different persons, and that he has sold all excepting lot 1 and the north eight feet of lots 15 and 16; that, by reason of his possession as alleged, the action by plaintiff is barred by the statute of limitations. McCook further alleges that the judgments in question ceased to be liens upon the premises before the commencement of this action; that more than five years elapsed between the time when the last payment was made by the plaintiff on the judgment and

the commencement of this action, by reason of which it is barred. As a further defense, McCook alleges that, when he purchased the property in controversy, he assumed the payment of a mortgage thereon in favor of W. P. Large for the sum of one thousand dollars; that in April, 1876, Large commenced an action to foreclose that mortgage, to which Tyrrell was made a party defendant; that, in May of that year, Tyrrell filed an amended answer, in which he averred that he had sold the mortgaged premises to McCook, and that the latter, as a part of the purchase price, had assumed and agreed to pay the mortgage debt, and, as relief, Tyrrell asked that he be held as surety only, and that the property of McCook be first exhausted to discharge the debt; that the decree was rendered as demanded by Tyrrell; and that, by reason of these facts, the plaintiff is estopped to maintain this action. McCook asks that the petition be dismissed, or, if that is denied, that he be allowed for various sums that he has paid for the benefit of Tyrrell, for taxes paid on the premises, for money paid to obtain insurance on the buildings thereon, for improvements made, and for services rendered in caring for the property. The District Court adjudged that the conveyance in question was intended to be a mortgage; that all money paid by McCook for or on account of Tyrrell had been repaid with interest, and a reasonable compensation for services rendered, excepting the sum of five hundred and twenty-four dollars and forty-four cents, due on the first day of January, 1890; and further decreed that, upon the payment of that sum, a conveyance of the unsold portion of the premises should be made by McCook to Tyrrell; and that, upon a failure to re-convey, the decree should have the force and effect of a conveyance. It was further decreed that the plaintiff be subrogated to the rights of the original judgment creditors; that the judgments were liens upon the

unsold portion of the premises; and that it should be subjected to the payment of the judgments.

I.   The appellant denies that the instrument in question was designed to secure the payment of money, and insists that the evidence does not show that such was the case.   It is true he testifies that he purchased the premises without condition, and that the deed was intended to be absolute.   But he is contradicted by numerous witnesses and by numerous facts which have been established.   When the instrument was made, Tyrrell was embarrassed financially.   No money was paid.   No computation was made of the amounts which Tyrrell was owing to several creditors, whose claims, it is admitted by McCook, he was to pay as part, at least, of the consideration of the conveyance.   Tyrrell continued in actual possession of the property for some time, and held possession of a part of it for several years.   During that time he made some repairs, and paid some taxes, but no rent.   Statements of the amounts McCook had paid and received were prepared by him and by Tyrrell, about the year 1880, which varied but little in amount.   McCook stated to different persons, at different times, that he held the property as security only, and that, whenever the amount due him was paid, he would convey it to Tyrrell.   We cannot set out all the evidence on this branch of the case.   It is sufficient to say that it shows quite satisfactorily that the instrument was designed to be a mortgage when it was executed, and McCook does not appear to have made any claim to the contrary until the value of the property conveyed had been greatly enhanced by the building of a railway to Riceville.

II.   It is admitted to be the law of this state that, when the debt of a principal is paid by his surety, the latter will, in equity, succeed to the rights of the creditor against the principal, by subrogation.   But it is

said that the right of the surety rests upon an implied promise of the principal to indemnify him; that it is limited to the amount actually paid by him, and can only be enforced to that extent; therefore, that the amount must be determined accurately; and that it must be so determined within five years from the date of payment, or an action therefor will be barred by the statute of limitations.    It is true that the rights of the surety rest upon an implied promise, as stated, and that, as the promise is not in writing, an action thereon will be barred if not commenced within five years from the time it took effect.    *Preston v. Gould,* 64 Iowa, 48, 19 N. W. Rep. 834; *Wilson v. Crawford,* 47 Iowa, 471; *Lamb v. Withrow,* 31 Iowa, 165.    But a debt against which the statute may be successfully pleaded is not extinguished as in the case of payment, but may be enforced if the statute is not relied upon as a defense.    *Austin v. Wilson,* 46 Iowa, 362.    The right to plead the statute is ordinarily personal with the debtor, and, if he waive it, no one else can rely upon it.    13 Am. & Eng. Enc. Law, 706; *Waterman v. Manufacturing Co.* 14 R. I., 43; *Kennedy v. Powell,* 34 Kan. 23, 7 Pac. Rep. 22; *Bank v. Kimble,* 76 Ind. 195.    There are some exceptions to this rule, as in some cases where one succeeds directly to the rights of the debtor.    *Day v. Baldwin,* 34 Iowa, 381.    But there is nothing in this case to make it an exception to the general rule.

The important question to be determined is whether Tyrrell has an interest in the premises in controversy which may be subjected to the payment of the judgments, and, if he has, McCook can only demand that his own rights be protected, and is not concerned in the amount of the claim which the plaintiff can enforce against Tyrrell.    That is a matter personal to themselves.    The amount which plaintiff paid to

release himself from liability on account of the judgments, and to procure an assignment of them, is not shown with precision, but it is established that he paid about the amount which appears to be due on them, and for the purposes of this case, that is sufficient. The payments made by plaintiff so far discharged the judgments that they cannot be enforced excepting by a suitable proceeding instituted for that purpose. In equity, they will be regarded as surviving for his benefit. Had he sought to establish them against Tyrrell, he would have been compelled to show the amount he had paid. *Johnston v. Belden*, 49 Iowa, 301. But he has shown the approximate amount, and Tyrrell does not complain of the result reached. Therefore, it must be regarded as established, for the purposes of this case, that the plaintiff is entitled to recover the amounts which appear to be due on the judgments.

III. The judgments were rendered more than ten years before they were transferred to the plaintiff, and have ceased to be liens on the property in controversy. The transfer of the judgments did not have the effect to revive the liens, and this action is not in any proper sense one to secure the right to redeem by virtue of nor to enforce liens, but to subject the property alleged to belong to Tyrrell to the payment of valid judgments against him, which have ceased to be liens by reason of the lapse of time, but can be enforced by execution. Much has been said in argument in regard to the expiration of the time within which redemption by virtue of liens may be made, which is not relevant to any of the material questions involved in the case. It is said that the right of Tyrrell to pay the debt and demand a reconveyance of the premises expired ten years after McCook made the last payment which the conveyance was intended to secure. That we understand was in the year 1877, and this action

was not commenced until the year 1888. The right and duty of Tyrrell to pay the mortgage did not expire so long as it was recognized by him and by McCook to be due and unpaid. While the latter treated the deed as a mortgage which he held to secure a valid claim, upon which he applied the rents and profits of the premises, his possession was not adverse, and the statute of limitations did not commence to run in his favor. It was said in *Green v. Turner*, 38 Iowa, 118, that "the relation of mortgagee and mortgagor is analogous to that existing between the trustee and the *cestui que trust*, and the possession by either of the land covered by the mortgage is not as to the other adverse. The mortgagee, while holding under the mortgage, cannot disseize the mortgagor." See, also, 2 Hil. Mortg., section 12. We are satisfied that McCook did not deny that he held the title to the land as security until within a period of less than three years before the commencement of this action. Prior to that time he admitted frequently that it was held by him as security only. Tyrrell at all times insisted that such was the case, and did not claim, prior to the year 1886, that the debt had been paid. In the case of *Crawford v. Taylor*, 42 Iowa, 262, it appeared that the mortgage debt had been due for nearly fourteen years and that an action thereon could not be maintained; that the right to foreclose was barred; and that the action to redeem was barred at the same time. But that is unlike this case. We conclude that the right of Tyrrell to redeem the premises is not barred by the statute.

IV. The instrument in question contains a covenant to the effect that McCook agrees to pay a mortgage of one thousand dollars on the premises conveyed. It is claimed that, in consequence of that covenant, the rule that a deed of conveyance absolute in terms may be shown to be a mortgage

does not apply.  We do not think that follows.  The fact that the covenant to pay the mortgage could not be set aside would not affect the right of Tyrrell and the plaintiff to show that the instrument was in other respects intended to be a mortgage.

V.  It is said the answer filed by Tyrrell in the Large foreclosure case estops him and the plaintiff to claim that the conveyance was a mortgage. Tyrrell claims that he did not know the contents of the answer filed for him in that case, and that he did not authorize the statement it contained that the premises had been sold to McCook, who had assumed the mortgage, and that he should be treated as the principal debtor.  We are of the opinion that he should be held responsible for what his answer contained, as he enjoyed the benefits which it secured; but it was true that McCook had assumed the payment of the mortgage, and he was properly held responsible, in the first instance, for its payment.  The answer and the relief based upon it were not treated by either McCook or Tyrrell as in any manner affecting their rights, but for years afterwards the interest of McCook in the premises was treated by him and by Tyrrell as that of a mortgagee.  There is nothing in the answer, especially in view of the subsequent conduct of the parties, upon which an estoppel can be based.

VI.  The appellant contends that, as the District Court found that there was due McCook from Tyrrell the sum of five hundred and twenty-four dollars and forty-four cents, it should have dismissed the petition, on the ground that, until the indebtedness was fully paid, the plaintiff was not entitled to any relief. We do not think this claim is well founded.  It is true that appellant cannot be disturbed in his possession of the property until the amount due him is paid, but it is proper to ascertain and determine that

amount, and to subject the interest of Tyrrell to the payment of the judgment, but without prejudice to the right of McCook. It is true that the plaintiff did not ask that a reconveyance of the premises be ordered. Nor did Tyrrell. His answer was not in the nature of a cross petition, and he demanded no relief as against McCook. It may be that the reconveyance need not have been provided for, but there was a prayer for such general relief as the court should deem equitable; and as that part of the decree cannot prejudice McCook, and will aid in perfecting of record Tyrrell's title, and hence the title to what the plaintiff may sell, it will not be disturbed.

The appellant also complains of the action of the court in establishing the judgments as liens upon the premises. Whether they became "liens," within the ordinary meaning of that term, by subjecting the interest of Tyrrell to their payment, so that it could not have been seized or alienated before the levy of execution otherwise than subject to the judgments, we do not find it necessary to determine, for the reason that in no aspect of the case can the appellant be prejudiced by what was decreed. His rights were recognized to be paramount to those awarded to the plaintiff.

VII. The remaining question to be determined is the amount for which McCook is entitled to hold the premises as security. McCook asks to be allowed for seven hundred dollars, in notes and accounts he claims to have transferred to Tyrrell, and for eight hundred dollars he claims to have paid to purchase for Tyrrell an interest in a mercantile business. We do not think the evidence justifies an allowance for these sums, nor for some others for which claim is made. Nor do we find any sufficient reason for allowing interest at a greater rate than six per cent. on sums due.

After an examination of the accounts between the parties, we conclude that the District Court allowed to McCook all he is entitled to recover, including a reasonable compensation for services rendered by him in caring for the property. In fact, there is support for the claim of the plaintiff that payment in full has already been made; but the plaintiff does not appeal, and the decree of the District Court is therefore *affirmed*.