F. A. ADAMS, Appellant, v. WALTER S. HOLDEN *et al.,* Appellees.

**Redemption:** LIMITATION OF ACTIONS: *Deed as mortgage.* Where deeds are given, absolute on their face, but accompanied by contracts of defeasance, to be operative if grantor makes payment within a time specified, and the grantee enters into possession thereunder, a suit subsequently instituted by the grantor to recover the lands is in effect, but an action to redeem —such deeds amounting only to mortgages; and, an action to foreclose being barred in ten years, such suit will also be barred in ten years from the time the debt secured by the deeds is due. Ten years from that time the grantee's right of action on the debt and to foreclose grantor's equity of redemption is barred. and, reciprocally, the right to redeem is cut off at the same time.

TRUSTS: *Limitation of actions.* While one who goes into possession under a deed which is in fact a mortgage, is, in a sense, a trustee, the statute of limitations applies to such a trust although there has been no act indicating an intent to disavow it.

SAME: *Disavowal of trust.* Where the grantee under deeds operating as mortgages conveys the land to a third person, such act is a disavowal of any trust resulting in grantor's favor after payment of the debt secured, and starts the statute of limitations running in the grantee's behalf against the grantor's suit for an accounting and to recover the lands.

**Limitation of Actions:** PARTIAL PAYMENT: *What is not.* Application of rents and profits of lands by a grantee in possession under deeds operating as mortgages, to the payment of the debt secured, will not operate to take a suit by the grantor to recover the lands, from the bar of the statutes of limitations, no voluntary payment by the grantor having been made; it not appearing that grantee ever acknowledged the transaction to be a trust or that grantor made any payment accepted by grantee or that within the period of the statute there was any recognition of grantee's rights; and there being, at all events, no showing of the amount of rents and profits received or when they were received.

CONTINUING FORECLOSURE: *What is not.* Where a grantee of lands, conveyed by deeds operating as mortgages, entered into possession of the lands at time of conveyance under an agreement with the grantor that he should hold them as security for a debt not then due, such possession does not constitute a continuing foreclosure so as to enable the grantor to maintain an action to redeem at any time during its continuance, free from limitations; since the right to foreclose did not accrue until the debt was due, and the right to redeem was contemporaneous therewith.

NEW ACTION: *Extension of time.* Revised Statutes Illinois, chapter 83, section 25, provides that, if a plaintiff commence a new action within one year after a nonsuit, it shall have the effect of reviving the first. Plaintiff's action was dismissed for want of prosecution, and six months given him to reinstate it. He commenced a new action more than one year but within eighteen months after such dismissal, and after his original cause of action was barred. *Held,* that the six months given for reinstatement did not extend the statutory time for bringing a new action, and, hence, plaintiff's action was barred.

**Laches:** Where a plaintiff allows over twenty years to elapse before beginning a suit to recover lands conveyed by deeds operating

as mortgages under contracts of defeasance, his claim is stale, and his laches such as to preclude him from equitable relief.

**Appeal:** DEMURRER: *Pleading over.* Where plaintiff's demurrer to defendant's answer is *overruled,* and exception taken, and plaintiff then files a reply to the answer, he thereby waives his right to complain of the overruling of his demurrer, on appeal.

*Appeal from Des Moines District Court.*—HON. W. S. WITHROW, Judge.

FRIDAY, APRIL 13, 1900.

SUIT in equity to enforce a trust in certain real estate in favor of plaintiff, to redeem, and for conveyance of the title thereto. The trial court sustained a demurrer to plaintiff's reply, and on the hearing dismissed the petition. Plaintiff appeals.—*Affirmed.*

*Seerly & Clark* for appellant.

*E. S. Huston* for appellees.

DEEMER, J.—On December 24, 1873, plaintiff's grantor, one C. C. P. Holden, executed to C. N. Holden a deed for about four thousand acres of land situated in Des Moines county, Iowa; the grantee assuming mortgages and liens on the property amounting to ten thousand dollars. This deed, while absolute in form, was intended as security to save the grantee harmless because of his having indorsed notes for his grantor to an amount exceeding thirty-one thousand dollars. Certain notes, bonds, and stocks were also deposited with C. N. Holden as additional security; and from these collaterals, it is claimed, he realized something like twenty-six thousand dollars. C. N. Holden took possession of the real estate at the time the deed was made, and he and his heirs and assignees have collected the rents and profits of the land. On February 23, 1875, Louise R. Jones, who afterwards intermarried with C. C. P. Holden, also executed a deed for certain other lands in Des Moines county to C. N.

Holden to secure the grantee on his promise to pay certain mortgages and judgments that were liens on the said property. It is alleged that C. N. Holden, instead of carrying out his agreement, transferred the land received in virtue of the deed to his brother, A. H. Holden; that this last transfer was without consideration, and with full knowledge on the part of the grantee therein that the original deeds were intended for security. At the time of the execution of the deed of February 23, 1875, C. N. Holden made and delivered the following agreement to reconvey: "Holden & Moore, Law Office, 152 Dearborn Street. Chicago, Feb. 23d, 1875. To Chas. C. P. Holden: Upon settlement with me, and payment of any and all balances due me, and upon settlement and payment by you of what is or may be owing to Albion H. Holden from you, I agree to reconvey to you or to your order any lands remaining in my name in Des Moines county, Iowa, which I have received from Louise R. Jones or from you, except the lands described in the deed from you to me dated Feb. 23d, 1875. I am to have the right to sell any of said lands, and use the proceeds on your account, except those described in the deed of this date. Such payments by you are to be made on or before May 1st, A. D. 1877. [Signed] C. N. Holden." Plaintiff alleges in his petition that defendant and his ancestors have been in possession of the property, collecting rents and paying taxes, but that he has no means of knowing how much has been received, nor what taxes have been paid; and he asks an accounting for the rents and profits, and an adjustment of the indebtedness. He offers to pay any amount found due from his grantor, and prays that the deeds be decreed mortgages, that title to the property be held in plaintiff, and for general equitable relief. C. N. and A. H. Holden are both dead, and defendants are their widows, heirs, and legal representatives. As such, they filed answers denying the allegations of the petition, and pleading the statute of limitations, both of the state of Illinois, where all

parties resided, and of the state of Iowa, where the land is situated. These pleas are in different divisions of the answer. Defendants also pleaded laches and an equitable estoppel, based on plaintiff's delay in bringing action. Defendant Frances W. Holden, widow of C. N. Holden, also pleaded a former adjudication by decrees of the superior court of Cook county, Illinois. Plaintiff filed a demurrer to the second, third, fourth, and fifth divisions of defendant's answer, pleading the statute of limitations, on the grounds that the facts stated did not entitle defendants to the relief demanded. This demurrer was overruled, and exception taken. Thereafter plaintiff filed a reply to the answer. By so doing he waived his right to complain of the ruling. *Krause v. Lloyd,* 100 Iowa, 666; *Frum v. Keeney,* 109 Iowa, 393. In his reply, plaintiff pleads: That as C. N. and A. H. Holden went into possession of the lands under deeds absolute on their face, but intended as security only, they became trustees, and that having collected the rents from the property, and applied them in payment of the debt secured, the case is taken out of the statute of limitations of Illinois, because of such payments. *Second.* That taking possession of the property for the purpose of paying the debt is one of the means of foreclosure in the state of Illinois, and that therefore the statute has not run. *Third.* That by a decree of the superior court of Cook county, Ill., it was determined, in an action to which these defendants were parties, that the deeds to C. N. and A. H. Holden were simply mortgages, and an accounting was ordered; that this case was finally dismissed for want of prosecution, but that within one year thereafter a new bill was filed for the purpose of having an accounting; and that by the statutes of Illinois (section 25, c. 83, Rev. St.) an action commenced within one year after nonsuit revives the former action, as against the plea of the statute of limitations. Defendants' demurrer to this reply was sustained, and it is this ruling that the record presents for re-

view.  Plaintiff contends that defendants hold as trustees, and that the statute does not begin to run until a denial or repudiation of the trust; that time is no bar to a trust; that express trusts are not within the statute; and that when the debt was discharged there was a resulting trust in favor of the grantor, against which the defendants could not plead the statute.  He further contends that, even if the case is within the statute, the bar has been removed because of payments made on the debt from time to time by reason of the proceedings and decree in the superior court of Cook county, Ill., and that defendants were simply foreclosing their mort-gages while in possession, and applying the rents and profits to the debt, and that while they were in possession, and collecting the rents and profits for the satisfaction of the debt which the conveyances were made to secure, the statute could not run.  On the other hand, it is insisted that this is nothing more than an action to redeem; that payments made from time to time were not voluntary, and therefore did not take the case out of the statute; that the effect of the possession of the grantee and his heirs is to be determined by the laws of this state; and that the mere fact of their possession does not stop the running of the statute against the debt.  Defendants also contend that the demurrer was correctly sustained because of plaintiff's laches.

Some, if not all, of these questions, have heretofore been determined by this court.  That a deed absolute on its face may be shown to be a mortgage is so well settled that it is useless to cite authorities.  As the deeds in question were nothing more than mortgages, the original grantor and his grantee have the right of redemption. This right cannot be cut off by agreement of the parties, nor by the mortgagee's possession, and exists until barred by statute.  When the right is sought to be exercised, the mortgagee or grantee in possession will be required to account for the rents and profits, and for all the proceeds of the land and other securities.  A mortgage, in this state, does not

create an estate, but simply a lien or charge upon the land to secure the debt, and a suit for foreclosure is barred in ten years; and, as the rights of mortgagor and mortgagee are reciprocal, redemption under a mortgage will be cut off in the same time. *Gower v. Winchester,* 33 Iowa, 303; *Cunningham v. Hawkins,* 24 Cal. 409; *Crawford v. Taylor,* 42 Iowa, 260; *Green v. Turner,* 38 Iowa, 112; *Smith v. Foster,* 44 Iowa, 442. Under the contract of defeasance of date February 23, 1875, C. C. P. Holden was to make payment of the amounts secured by the deeds on or before May 1, 1877. Ten years from that time the grantee's right of action on the debt, and to foreclose the grantor's equity of redemption, was barred; and the grantee's right of action to redeem was barred at the same time, unless it be for some of the matters pleaded in reply, to which we will hereafter call attention.

But it is said in argument that defendants and their ancestors held the lands in trust for C. C. P. Holden, and that, as they did no act indicating an intention on their part to disavow or disaffirm the trust, they cannot plead the statute. True it is that a mortgagee or grantee in a deed made to secure a debt holds the title, in a certain sense, as trustee; but we have already seen that the statute of limitations applies to such a trust, although there has been no act indicating an intent to disavow it. Had the debt which the deeds were made to secure been fully paid, the mortgage character of the transaction would have ceased, and the grantee would thereafter hold that lands in trust; and as trustee he could not plead the statute of limitations for the purpose of securing or holding title, unless he had done some act indicating a disaffirmance of the trust. These, too, are elementary propositions, and we only cite *Conrad v. Insurance Co.,* 1 Pet. 386 (7 L. Ed. 189); *Murphy v. Murphy,* 80 Iowa, 740; *Dunton v. McCook,* 93 Iowa, 266; *Gebhard v. Sattler,* 40 Iowa, 157; and *Green v. Turner, supra,* in their support. Had the petition alleged payment of all the indebtedness that the deeds were made to secure, there would then appear

to be a resulting trust in defendants' ancestors, and in the absence of a disavowal of the trust the statute would not run. *Green v. Turner* and *Dunton v. McCook, supra.* There is no such allegation, however, and it clearly appears that this is an action to redeem and for an accounting. Moreover, it appears from the allegations of the petition that in September of the year 1875 C. N. Holden sold the greater part of the land covered by his deeds to his brother, A. H. Holden. This was not in performance of the trust, but was in fact a disavowal of it. Plaintiff does not claim that this conveyance was in execution of the trust. On the contrary, he seeks to charge the lands because A. H. Holden and his heirs had knowledge of the fact that the deeds to C. N. Holden were intended as security, and took the conveyance with knowledge of the original grantor's rights. This conveyance should be treated as a repudiation of the trust. The cases of *Green v. Turner* and *Dunton v. McCook, supra,* relied on by appellant, are not, therefore, in point. The suit being to redeem, and to secure a reconveyance of lands in this state, it is barred by our statutes, unless it be for the fact that defendants are nonresidents. But as nothing is claimed by counsel for this, and as there is nothing in the pleadings to indicate that any reliance is placed upon it, we give the point no further consideration than to mention it, to the end that it may not appear to have been overlooked. As to the necessity of a pleading tendering this issue, see *Van Patten v. Bedow,* 75 Iowa, 589. We are not to be understood that nonresidence removes the bar. That queston is left undetermined. Defendants plead in answer that the suit is barred by the statute of the state of Illinois, and refer not only to the statutes, but to certain decisions of the courts of that state. Thus, it was held in *Emory v. Keighan,* 94 Ill. 543, that an action to foreclose is barred in the same time as an action on the debt secured by the mortgage; and in the case of *Hancock v. Harper,* 86 Ill. 445, it is held that an action for an accounting brought by a grantor in a con-

veyance made as security for a loan, is barred in the same time as an action for a debt would be at law. Again, in *Locke v. Caldwell,* 91 Ill. 417, that court held "that the law of limitations as to the right of a mortgagee to foreclose and that of a mortgagor to redeem are mutual." The statutes of that state provide that actions to foreclose must be brought within ten years after the right of action or right to make sale accrues. Section 11, c. 83, of the Revised Statutes of 1891.

To avoid the effect of the bar of the statute of Illinois, plaintiff pleads that as defendants and their ancestors were in possession of the premises, and were collecting the rents and profits, they are presumed to have applied the amount collected on the debt, and that these payments removed the bar. Had there been an acknowledgment by defendants or their ancestors of the trust character of the conveyances, or had it been shown that plaintiff or his grantor had made any payments that were accepted by the creditor or his representatives, or had there been, within the period of the statute, any recognition of the rights of plaintiff or his grantor, the rule contended for might obtain. *Schifferstein v. Allison,* 123 Ill. Sup. 662 (15 N. E. Rep. 275) ; *Brown v. Bookstaver,* 141 Ill. Sup. 461 (31 N. E. Rep. 17). But no such facts appear from the record. On the contrary, it seems that C. N. Holden transferred the property, or a large part of it, to A. H. Holden, and, for aught that appears, the original grantor has had nothing out of the land since the date of his conveyance. Moreover, if part payment of the debt from rents and profits be assumed, this payment was involuntary, and does not establish recognition of the debt by the grantor. *Thomas v. Brewer,* 55 Iowa, 227 ; *Wolford v. Cook,* 71 Minn. 77; (73 N. E. Rep. 706). But, if the receipt of rents and profits should be treated as payment, there is no showing as to when they were received, nor the amount thereof.

The reply further pleads that taking possession of the mortgaged property was simply a means of foreclosure, and that the statute would 'not run while the foreclosure proceedings were pending. Had the instruments executed by plaintiff's grantor been mortgages, and had the defendants' ancestors entered into possession for the purpose of foreclosing, the doctrine contended for by appellant might apply. But that, as we have seen, is not true. The grantee went into possession at the time the deeds were executed, and was to hold possession of the land as security. By reason of his relation to the property, he was charged with the rents and profits thereof. Neither the original grantee, nor his grantees or representatives, took possession for the purpose of foreclosing or collecting the amount due. That they had from the inception of the transaction, and, as we have seen, they have done nothing to remove the bar of the statute. At the time fixed in the defeasance contract, defendants' ancestor had the right to bring a suit to foreclose, and plaintiff's grantor at the same time had the right to bring an action to redeem. The continued possession of the grantee, even if shown, would not of itself extend this right. *Hallesy v. Jackson,* 66 Ill. 139; *Stevens v. Institution,* 129 Mass. 547.

Plaintiff also pleads that within ten years he commenced an action in the courts of Illinois to redeem and for an accounting, that this action was dismissed for want of prosecution, but that within the year allowed therefor by section 25, c. 83, of the Revised Statues of Illinois, he brought another suit asking an accounting. It further appears that the first action was dismissed on June 23, 1890, for want of prosecution, with leave to reinstate in six months on good cause shown. No attempt was made to reinstate, and the second action was not commenced until November 30, 1891. The statute says, in effect, that, if plaintiff commence a new action within one year after the first one was given against plaintiff, it shall have the

effect to revive the first. The second was not commenced within one year from the time judgment was given against plaintiff in the first, and consequently this division of the reply does not avoid the statute. The right given to reinstate manifestly did not extend the time allowed by statute for the bringing of a new suit. We see nothing in the reply that avoids the defenses pleaded in the answer, and are satisfied that, under the issues as presented, plaintiff's action is barred both by the statutes of this state and of the state of Illinois. But, if this be not true, it is clearly barred by the statutes of this state. Even if there was error in sustaining the demurrer to some of the divisions of the reply, it was without prejudice. We are more ready to reach this conclusion for the reason that plaintiff's delay and laches are such as to bar him of all relief in our courts. Had there been no express statute, equity would have applied its rules in analogy to the law, and defeated plaintiff because of the staleness of his claim. The ruling on the demurrer was right, and the judgment is AFFIRMED.