### John Swail, Appellant, v. Hugh K. Seed, Appellee.

1. MORTGAGES—*when deed construed as mortgage and not as absolute conveyance.* A deed was given as a mortgage and not as an absolute conveyance, where the owner, being indebted, gave a mortgage upon the land in question to secure the debt, and the debt matured, being unable to pay, foreclosure was threatened and thereafter the conveyance was made and the notes and mortgage surrendered under an agreement that a repayment should be made within a stated period and the premises reconveyed.

2. MORTGAGES—*statute of limitations barring right of redemption.* Where the evidence in a bill to require a conveyance showed that the deed in question was given as a mortgage, and it further appeared that there was an agreement that complainant should repay the amount of the indebtedness with interest as soon as he was able, and where he was in a position to do so about 4 or 5 years after the conveyance but waited 17 or 18 years before notifying de-

fendant that he wanted to redeem, such right to redeem was barred by the statute of limitations.

3. MORTGAGES—*statutory bar of right of foreclosure as barring right of redemption.* Where the statute of limitations barred the foreclosure of a mortgage in the form of an absolute deed of conveyance, the right to redeem was also barred, as the right to redeem and the right to foreclose are reciprocal and when one is barred the other is barred.

Appeal from the Circuit Court of Lawrence county; the Hon. JULIUS C. KERN, Judge, presiding. Heard in this court at the October term, 1921. Affirmed. Opinion filed March 24, 1922.

SUMNER & LEWIS, for appellant.

GEE & GEE and P. W. BARNES, for appellee.

MR. JUSTICE BOGGS delivered the opinion of the court.

On the 18th day of February, 1920, appellant filed a bill in the circuit court of Lawrence county, setting forth that on February, 1901, he was indebted to appellee in the sum of $1,484.50, and that to secure the payment of said sum he made an absolute deed of conveyance to appellee to 60 acres of land, located in Lawrence county, Illinois; that though said deed was absolute on its face, it was expressly understood and agreed that the lands conveyed were to be held simply as security for the payment of said money, and the interest thereon, and that, upon repayment thereof, appellee would reconvey said land to appellant.

The bill further alleges that appellee went into possession of said premises and has been receiving the rents and profits therefrom, and that he now claims said conveyance to be absolute, and refuses to reconvey the same.

Said bill prays for an accounting and for a decree compelling appellee to reconvey said premises upon appellant paying whatever sum may be due upon an accounting. To said bill, appellee filed an answer denying that said deed was made or intended as a

mortgage and averring that it was intended by the parties as an absolute conveyance. Said answer further alleges that appellee had made lasting and valuable improvements on said premises and that no claim of any kind to said premises had been made by appellant until December, 1919. Said answer further avers that since the delivery of said deed, he, appellee, has been in the open, adverse and continuous possession of said premises under said deed and has paid all taxes accruing thereon, and that any right that appellant may have had in said premises is barred by the statute of limitations.

A trial was had before the chancellor in open court and a decree was entered dismissing said bill for want of equity. To reverse said decree, this appeal is prosecuted.

The record discloses that in May, 1896, appellant was indebted to appellee in the sum of $1,000 and that he gave a mortgage upon the land in question to secure the payment of the same, falling due 3 years after date, with interest at the rate of 7 per cent per annum. The record further discloses that when said mortgage fell due, appellant being unable to pay the same, appellee threatened a foreclosure thereof, and, after certain conferences between appellant and appellee, appellant conveyed said land to appellee and said note and mortgage, which had been given to secure said debt, were surrendered to appellant. It is the contention of appellant, however, that notwithstanding the deed in question is absolute in form and that no evidence of indebtedness was given by him to appellee to cover the same, that an agreement was made by appellee to reconvey said premises whenever appellant was able to reimburse appellee for the amount of said debt, with the accrued interest, and that the statute of limitations did not begin to run against appellant until appellee had repudiated said agreement, and, further, that the right to redeem would not be barred until 20

years from the date of said repudiation. In support
of this contention, appellant cites the case of *Hallesy*
*v. Jackson,* 66 Ill. 139. An examination of said case
discloses that the facts involved were entirely different
from the facts in this case. While the court in the
body of the opinion states that the right to redeem
premises held by a mortgage in possession would not
be barred under 20 years, that statement of the law,
in view of the statute now in force in reference to the
limitation on the right to foreclosure of a mortgage,
would not be applicable. Appellee insists that the deed
in question was not given as security, but was an ab-
solute conveyance without the right to redeem there-
from. We think, however, that the evidence in the
record sustains the contention of appellant and that
the deed in question was given as a mortgage and not
as an absolute conveyance. *Price v. Karnes,* 59 Ill.
276; *Carr v. Rising,* 62 Ill. 14; *Smith v. Doyle,* 46 Ill.
451; *Hunter v. Hatch,* 45 Ill. 178; *Cassem v. Heustis,*
201 Ill. 208-215. Appellee in his testimony concedes
that there was something said about his reconveying
said premises if appellant got able any way soon to
pay back the amount that was owing to him. He said,
however, that his understanding was that a repayment
should be made within 2 or 3 years. We are further
of the opinion, and so hold, that under the agreement
between appellant and appellee, appellant was obli-
gated to repay appellee the amount of said indebted-
ness with the accrued interest as soon as he became
able, and that the statute of limitation began to run
from that time. An examination of the record dis-
closes that in a very few years after the making of
said conveyance, appellant, through investments in
oil land or leases, accumulated considerable property;
at any rate he was in position, according to his own
testimony, within 4 or 5 years after the making of said
conveyance to have repaid appellee the amount owing
him and to have redeemed said premises. This he

failed to do. It was something like 17 or 18 years from the execution of said deed to the first intimation or notice to appellee that appellant wanted to redeem said premises. The bill to redeem was filed more than 19 years after the date of said conveyance.

We, therefore, hold that the right to redeem from said deed held as a mortgage has been barred by the statute of limitations. *Jackson v. Lynch*, 129 Ill. 72; *Cassem v. Heustis*, 201 Ill. 208-235; *Fitch v. Miller*, 200 Ill. 175.

In *Fitch v. Miller, supra,* the court at page 183 says: "The right to foreclose and the right to redeem are reciprocal, and when one is barred the other is barred. In *Green v. Capps*, 142 Ill. 286, we said (p. 289): 'Appellant concedes that the deed, regarded as a mortgage, could not have been foreclosed when this bill was filed, because the indebtedness it was given to secure was then barred by the statute of limitations. But if the statute of limitations then barred a foreclosure, it, for the same reason, barred a redemption from the deed, regarded as a mortgage, for the right to redeem and the right to foreclose are reciprocal, and when the one is barred the other is barred.' (See also *Walker v. Warner*, 179 Ill. 16; *Carpenter v. Plagge*, 192 Ill. 82.) Clearly, therefore, if the right to foreclose on the part of Miller's estate is barred, the right to redeem on the part of the heirs of Fitch is barred."

The trial court did not err in dismissing appellant's bill for want of equity and the decree will therefore be affirmed.

*Decree affirmed.*