## THE STATE v. STEGNER ET AL.

1. **Criminal Practice:** CONTINUANCE: SICKNESS OF COUNSEL: DISCRETION OF TRIAL COURT. A motion for the continuance of a criminal cause based on the alleged sickness of defendant's counsel is addressed largely to the discretion of the trial court, and its order overruling the motion will not be interfered with where it appears that the defendant had ample time to procure other counsel and prepare for trial.

*Appeal from Calhoun District Court.*

WEDNESDAY, JUNE 15.

DEFENDANTS were indicted and convicted of maintaining

The State v. Stegner et al.

a nuisance by keeping a place for the unlawful sale of intoxicating liquors. Both unite in the appeal to this court.

*N. B. Hyatt*, for appellants.

*A. J. Baker, Attorney-general*, for the State.

BECK, J.—The only ruling complained of by defendants' counsel is the overruling of a motion to continue the cause, which was based upon the absence of defendants' attorney occasioned by sickness. A like motion at a prior term, based upon the same ground, had been sustained. The indictment had been found about fifteen months before the trial. It appears that defendants had ample time to prepare for trial, and to secure another attorney to take the place of their counsel when he became incapable through sickness to attend to the case. At all events, the motion was addressed in a large measure to the discretion of the court. There is nothing to indicate that such discretion was abused. The judge, being acquainted with all the facts transpiring in connection with the case, was better able than we are to determine whether defendants had with due diligence and in good faith made efforts to prepare for trial, or whether the motion was but an expedient to obtain delay. We are required to exercise all presumption in support of the court's rulings, and they cannot be disturbed, unless error be affirmatively shown, which has not been done.

The judgment of the district court is

AFFIRMED.