H. GOLDSTEIN, Appellant, v. JOHN S. MORGAN, Sheriff, Appellee.

**Fraudulent Conveyances: EVIDENCE.** Where attached goods are claimed under a bill of sale made on the day of the attachment, evidence of the debtor's statements as to his financial condition, made prior to the bill of sale, is admissible on the issue of fraud. 1

**Evidence: VALUE.** Evidence of the value of goods on another date than that in question is admissible where it is shown that there has been no material change in the stock. 2

**Evidence: CROSS-EXAMINATION.** In an action between attaching creditors and one claiming under a bill of sale, where the debtor testified in chief as to his liabilities and other matters tending to show fraud, but not as to the value of his goods covered by the bill of sale, his cross-examination regarding the value of his real estate was improper. 3

**Same.** A party cannot complain of matters brought out by his own cross-examination.

**Continuunce:** AMENDMENT OF MOTION. Granting leave to amend a motion for continuance based on the ground of absent witnesses, where it is admitted that the witnesses will testify as alleged, is discretionary with the trial court.

**Assignment of Error:** MISCONDUCT. To support an assignment of error on the ground of misconduct of counsel, there must have been a proper exception and a ruling of the court at the time of the alleged misconduct, and an assignment simply, that the court erred in overruling the motion for a new trial, is insufficient.

*Appeal from Pottawattamie District Court.*—HON. A. B. THORNELL, Judge.

TUESDAY, OCTOBER 20, 1903.

ACTION of replevin to recover a stock of boots and shoes, which had been levied upon by defendant, sheriff, under writs of attachment issued in certain actions against one E. E. Adams. Trial to a jury, verdict and judgment for the defendant, and plaintiff appeals.—*Affirmed.*

*Alex A. Altshuler* and *Flickinger Bros.* for appellant.

*Finley Burke* for appellee.

DEEMER, J.—This case involves no new principle of law. Plaintiff claims a right to the possession of the property under a bill of sale therefor executed by E. E. Adams on or about November 17, 1899. Defendant, as sheriff, levied on the property on the same day, under writs of attachment issued in actions instituted against E. E. Adams, and he claims that plaintiff's bill of sale was and is fraudulent and void, for that it. was executed with intent to hinder, delay, and defraud Adams' creditors. The allegation of fraud was denied by plaintiff, and on these issues the case was submitted to a jury.

Alex Altshuler, an attorney for plaintiff, was a witness in the case, and testified to having drafted the bill of

sale; to the payment of the purchase price for the goods ($900); and to the delivery of the keys of the building in which the goods were kept to plaintiff. On cross-examination, defendant's counsel, for the purpose of showing his interest in the case, interrogated him as to what was done with certain depositions taken on behalf of plaintiff at his office in Omaha. The questions, in so far as they were objectionable, were not allowed to be answered, and no answer given by the witness was prejudicial, for the reason that he denied any imputations suggested by the questions.

A witness for defendant was asked as to what Adams had told him, before the execution of the bill of sale, about being involved and indebted. This was objected to

1. FRAUDULENT conveyances: evidence. as hearsay and incompetent. The objection was overruled, and the witness answered, but his answer was not responsive to the question. No motion was made to strike the testimony, but, if it had been made, it should have been overruled, for the reason that it tended to show fraud on the part of Adams in making the bill of sale.

A witness who had examined the stock of boots and shoes on or about November 6th, and who showed his competency to testify as to value, was asked to give the

2. EVIDENCE: value. value of the goods on the date last named. Objection to the question was overruled. As there was evidence to show that there had been no material change in the stock from November 6th to November 17th, the evidence was competent. Its value was for the jury. The same may be said regarding other testimony regarding values. Adams was a witness for defendant,

3. EVIDENCE: cross-examination. and, having testified to his liabilities and other matters tending to show actual fraud, was asked on cross-examination regarding some real estate which it is claimed he owned. Objection was sustained to this line of evidence, because not cross-examination.

The ruling was correct. He was not asked on direct examination regarding his property.

Complaint is made of certain rulings relating to the testimony of witness Duncan. As the matter was brought **4. SAME.** out by plaintiff's counsel on cross-examination, he is in no position to complain.

Adams was used as a witness for defendant. After he had been examined in chief by defendant's counsel, and cross-examined at some length by plaintiffs they filed a motion for a continuance, based on **5. CONTINUANCE:** surprise. It was alleged in the motion that **annulment of motion.** the witness had previously stated to plaintiff's counsel that the sale was in good faith, and offered to give testimony to that effect, and that he had conspired with defendant to defeat the plaintiff, and to assist him (defendant) in compelling plaintiff to pay his (Adams') indebtedness. He further alleged that he had not had time to investigate the matter and to look up evidence, but gave the names of three or more witnesses with a statement of what they would swear to. The court indicated that he would sustain the motion, whereupon the defendant admitted that the witnesses named in the affidavit would, if present, testify as therein stated, and the motion was thereupon overruled. After the ruling, plaintiff's counsel asked leave to amend their motion. This motion was denied, except as to one matter, and the case proceeded.

Complaint is made of the various rulings. They were each so far discretionary that we do not feel like interfering. As a general rule, a motion to amend a motion for a continuance, after a ruling thereon based on counsel's admission that the witnesses would testify as claimed, is not in order. At any rate, the trial court is vested with a large discretion in such matters. The only proper exception in the record relates to the ruling on the motion for leave to amend, and this, as we have seen, was not

erroneous. Had there been an exception to the ruling on the original motion, we should not be inclined to interfere with the court's discretion. *State v. Stegner*, 72 Iowa, 13.

II. Misconduct of counsel in opening statement, in insinuations during the trial, and in argument of the case to the jury was one of the grounds of the motion for a new trial. It should be remembered that this is a law case, which comes to us for review upon errors assigned. These errors must be such as were committed by the trial court; in other words, in law actions the trial court must have had an opportunity to pass upon the matter, and the ruling, when made, must be excepted to, and proper assignment of error must be made thereon. These are fundamental propositions. See Code, sections 4105, 4106, and cases cited thereunder.

6. ASSIGNMENT of error. exception.

Plaintiff filed a motion for a new trial based on many grounds, among them being misconduct of counsel. The motion was overruled, and exception taken. The assignment of error is omnibus in character, and simply says that the court erred in overruling the motion for a new trial. This is not sufficient to present any question involved in the motion for review. *Huss v. R. R.*, 113 Iowa, 343.

The only other manner in which the record presents any question is as follows: During the opening statement of the case, counsel for defendant referred to certain statements made by plaintiff's counsel regarding defendant's line of defense; and, while proceeding with his side of the case, plaintiff's counsel twice made this record. "Let the record show an exception to this, or to this line of statement." At another time, plaintiff's counsel objected to a statement as prejudicial, but no ruling was made, on the objection. Once during the argument plaintiff's counsel made an exception to a remark made by defendant's counsel about pawnshops. No ruling was made on this exception. So far, it will be observed, there were no rulings of the trial court on which an assignment of error might be

based. Indeed, the assignments, except the omnibus ones to which we have referred, do not challenge any rulings. They simply read under the head of "Assignment of Error," and without any sort of introductory statement, as follows: "Misconduct of Counsel in Argument, etc.," "Misconduct of Counsel in Opening Statement, etc.," "Misconduct of Counsel in Interrogating Witnesses, etc." Manifestly, these do not refer to any rulings of the trial court. They are simply declaratory statements of alleged misconduct, and do not refer us to any ruling made by the trial court. They are clearly insufficient to present any question for review. *Copeland v. Ferris*, 118 Iowa, 554.

The matter of misconduct is not properly presented by the record. We have examined the argument, and while defendant's counsel went to the very verge of propriety, we should not feel disposed to reverse the case, even if the matter had been properly presented. Much of what was said was called out by counsel on the other side, and in many of his statements counsel was simply accepting a challenge made by plaintiff's counsel. While not disposed to relax the rules in such matters, it is sufficient to say that we are not justified, under the record now before us, in reversing the case for misconduct.

Appellant's motion to strike and to tax costs of appellee's abstract is overruled. The judgment is AFFIRMED.