D. L. VEEDER, Appellant, v. MILDRED R. VEEDER ET AL.

**Mortgages:** DEED AS SECURITY. A deed absolute in form may be declared a mortgage where it is satisfactorily shown that the same was intended as security for a debt, even though given subject to a mortgage which the grantee assumed and agreed to pay.

**Same:** RIGHTS OF GRANTEE. The grantee in a deed declared to be a mortgage should be credited with all sums expended by him in payment of the grantor's debts, or in improving the property.

**Fraudulent conveyances:** INTENT OF PARTIES. The intent with which a conveyance is made is immaterial so far as creditors of the grantor are concerned, if it does not in fact hinder and delay them in the collection of their claims.

**Same:** LACHES. A plea of delay in bringing an action to have a deed declared a mortgage will not avail where the parties were brothers, dealing together in other matters, and the grantor's indebtedness to the grantee had not been paid.

*Appeal from Wright District Court.*—HON. R. M. WRIGHT, Judge.

WEDNESDAY, MARCH 10, 1909.

ACTION in equity asking that a deed absolute in form be declared a mortgage and canceled. Judgment for defendants. Plaintiff appeals.—*Reversed.*

*Nagle & Nagle* and *Peterson & Knapp,* for appellant.

*Ladd & Rogers,* for appellees.

SHERWIN, J.—February 16, 1893, the plaintiff was the owner of the land in controversy, one hundred and forty-four acres, and on that date he and his wife, conveyed the same to the deceased, W. E. Veeder, by deed of general warranty, subject, however, to a mortgage of $2,200, with accrued interest thereon, which the grantee, W. E. Veeder, assumed and agreed to pay as a part of the purchase price of the land; but plaintiff remained in possession of the land. At the time of this conveyance the appellant was indebted to various persons and firms, the aggregate amount of which indebtedness greatly exceeded the value of his equity in the land conveyed. Shortly after the transfer, W. E. Veeder paid on judgments which were liens on the land and on claims on which suit had been brought against appellant about $1,980. He also redeemed the land from a tax sale, paying therefor $59.95, and thereafter he paid $230 interest then due on the mortgage. So that practically at the time the land was conveyed to him he furnished the money for and paid off debts due from the appellant aggregating $2,267.36, aside from the principal of the mortgage that he had assumed to pay, which was $2,200. In addition to the indebtedness that was paid off by W. E. Veeder, the appellant was indebted in various sums to different creditors aggregating a large amount.

There are no legal questions involved in this case that are not well settled. That a deed absolute in form may be declared a mortgage where it is shown by satisfactory 1. MORTGAGES: deed as security. evidence that it was given for and intended as security for a debt is held in numerous cases. *Laub v. Romans,* 131 Iowa, 427; *McElroy v. Allfree,* 131 Iowa, 112. And this is true although the deed is made subject to a mortgage which the grantee assumes to pay. *Dunton v. McCook,* 93 Iowa, 258. While

some circumstances are shown which tend to negative the appellant's claim, a careful reading of the entire record has satisfied us that the conveyance was intended merely as security for the amount which should be paid by W. E. Veeder on the appellant's indebtedness.

It is the appellant's contention that the amount paid out for him by W. E. Veeder has been fully repaid, but we are not by any means satisfied that such is, in fact, the case, and the condition of the record is *2. SAME: rights of grantee.* such that we do not feel like attempting to determine the question. We think the case should go back to the district court for an accounting between the parties, and that, in determining the state of the account, the appellees should be credited with all sums shown to have been expended by W. E. Veeder in the payment of the appellant's debts and in improving the property in question. Nothing less than this will satisfy the demands of equity, and the appellant surely can not complain thereof. That the rights of both parties may be thus protected is held in *Dunton v. McCook, supra.*

It is the appellees' contention that the conveyance was made with intent to defraud the creditors of D. E. Veeder, and that this action can not be maintained because thereof. For the purposes of this *3. FRAUDULENT CONVEYANCES: intent of parties.* case, it may be conceded that it was the intent of both the grantor and grantee to place the property in the hands of the latter so that something might be eventually saved therefrom for the former; but beyond this we do not think the proof goes. This property was the homestead of the appellant, and, except for debts contracted prior to its acquisition as such, forty acres thereof was exempt from execution. There is no showing that any of the debts were contracted before the homestead right was acquired, and hence there was only one hundred and four acres liable for the grantor's debts. According to the appellees' con-

tention, the land was not then worth to exceed $30 per acre. The nonexempt land was worth $3,120. W. E. Veeder paid off debts amounting to $2,267.36 as claimed by appellees, and there was a mortgage on the land for $2,200. It is apparent, therefore, that the conveyance or mortgage did not deprive a creditor of a dollar. On the contrary, it is conclusively shown that the arrangement was beneficial to the creditors because W. E. Veeder furnished more money for the payment of the appellant's debts than could have been obtained by a sale of the land subject to the mortgage. It does not matter then what the intent of the parties to the conveyance was. If the conveyance did not in fact hinder or delay creditors, it was not fraudulent as to them. *Aultman v. Heiney,* 59 Iowa, 654; *Baxter v. Pritchard,* 113 Iowa, 422; *Richards v. Orr,* 118 Iowa, 724; *Dettmer v. Behrens,* 106 Iowa, 586; *Stubblefield v. Gadd,* 112 Iowa, 681.

It is claimed that in 1895 supplemental proceedings were had in which both the grantor and grantee testified as to the amount that W. E. Veeder had paid for the land, and that said Veeder was the absolute owner thereof. It is shown that such proceedings were had, but it is not shown at all satisfactorily that the Veeders testified to more than that W. E. had paid full value for the land, and that upon the showing the judgment creditor who instituted the proceeding became satisfied of the truth thereof, and concluded that the land was not worth more than W. E. Veeder had put into it.

Appellees also claim that this action should have been commenced sooner. The plea of laches can not be sustained under the circumstances shown. The parties were 4. SAME: laches. brothers, and were dealing together in other matters, and, if it be true that the appellant's indebtedness to W. E. Veeder has not been fully paid, there was no reason why action should have been taken.

We reach the conclusion that the judgment must be reversed and the case remanded for the purpose of determining the amount due the appellees as administrators of the estate of W. E. Veeder, and, upon the ascertainment and payment of such sum, conveyance will be made to the appellant, or he may have a decree establishing title in him.—*Reversed* and *remanded.*