EDITH WHEELER et al., Appellants, v. MARY E. MEYER et al., Appellees.

IN RE ESTATE OF T. C. PIERSON.

HOMESTEAD: Right of Heirs—Nonliability for Debts. A homestead devised by the owner thereof to his wife, who accepts the same in lieu of her distributive share, descends, upon the death of the wife intestate, to her heirs at law, *free from the debts of the original owner* contracted subsequent to his acquisition of the said homestead.

Headnote 1:   29 C. J. pp. 1018, 1041.

*Appeal from Floyd District Court.*—C. H. KELLEY, Judge.

DECEMBER 15, 1925.

AN action by certain of the heirs at law of Iantha Pierson, deceased, for the partition of real estate acquired by her by devise from her deceased husband, T. C. Pierson, and an application by the administrator with the will annexed of the husband's

estate to sell the same real estate to pay the debts of the latter estate, were consolidated, for the purpose of trial. The court dismissed the petition in the partition action, and entered an order for the sale of the real estate, as prayed by the administrator. The plaintiffs in the first action, who were also defendants in the second, appeal.—*Reversed and remanded.*

*A. R. Eggert,* for appellants.

*H. L. Lockwood,* for appellees.

VERMILION, J.—The consolidated action was submitted below on an agreed statement and certain stipulations of the parties, from which we glean the following facts: T. C. Pierson died testate January 30, 1921, seized in fee of the real estate in question, which was the homestead of himself and his wife, Iantha Pierson, and was the only property owned by him at his death. At his death he owed debts contracted subsequent to the acquisition of the homestead, which have been allowed as claims against his estate. The property in question was, by his will, devised to his wife, and she, by her acts and conduct, elected to take under the will. The wife, Iantha Pierson, died intestate June 13, 1922, leaving debts contracted after the death of her husband, which have been allowed as claims against her estate.

The plaintiffs in the partition action, the appellants here, are grandchildren of Iantha Pierson, deceased, and are each entitled, as her heirs at law, to an undivided one fourth of her estate. Mary E. Meyer, a defendant in that action, is the daughter of Iantha Pierson, and is entitled to an undivided one half of her estate. No claim is made that Iantha Pierson, by living for a time elsewhere than on the property in question, thereby abandoned the homestead.

In this connection it should be observed that, while the question whether the property here involved is liable for the debts of Iantha Pierson, deceased, was apparently covered by the stipulation of facts, and is argued here, the judgment appealed from did not adjudicate it, and the question is, therefore, not before us. We have, then, only the question whether the homestead of T. C. Pierson, after passing to his widow by will, and

descending on her death to her heirs at law, is liable for his debts contracted after the homestead right attached.

The homestead was not liable during the life of T. C. Pierson for his debts contracted after its acquisition. Sections 2972 and 2976, Code of 1897 (Sections 10150 and 10155, Code of 1924). It passed by his will to his widow, free from such debts. *Swisher v. Swisher,* 157 Iowa 55; *In re Estate of Guthrie,* 183 Iowa 851. In *Swisher v. Swisher,* supra, we said:

"She [the widow who took the homestead under the will of her deceased husband] is not claiming the property under the statute which gives her an election between distributive share and the right of life occupancy. She claims the fee by virtue of the devise and the statute which makes it absolutely exempt except where otherwise specially provided. In this position we think she is sustained both by the letter and spirit of the statute."

It is well settled that the owner of a homestead may sell or convey it free from debts for which it is not pledged, and which were contracted after the homestead right attached, although the conveyance was made with the intent or belief that thereby creditors would be hindered or delayed in the collection of their claims. *Payne v. Wilson,* 76 Iowa 377; *Beyer v. Thoeming,* 81 Iowa 517; *Dettmer v. Behrens,* 106 Iowa 585; *Swisher v. Swisher,* supra; *Farmers & Merch. Bank v. Daiker,* 166 Iowa 728; *Wadle v. Boston Market Co.,* 195 Iowa 46; *Dolan v. Newberry,* 200 Iowa 511. This is so because creditors having no right to subject the homestead to the payment of their debts would not be prejudiced by its conveyance.

In *Cross v. Benson,* 68 Kan. 495 (75 Pac. 558), the court refused to subject a homestead that had been devised to the wife, and by her devised in trust for a grandchild, to the debts of the original owner. This case was cited approvingly in the *Guthrie* case, and we quoted from the opinion as follows:

"The homestead privilege was no more disturbed than it would have been had H. C. Cross [the debtor] deeded the lots to his wife in his lifetime, and while she was occupying them as a homestead."

We said we had applied the same principle in the *Swisher* case.

Had T. C. Pierson, in his lifetime, conveyed the homestead to his wife, no one would contend that on her death it became liable for his debts. Under the authorities cited, the situation was no different from what it would have been, had he so conveyed.

The widow took the fee under the will of her husband; she did not merely hold the property as a life tenant, or in the exercise of a statutory right to occupy the homestead until it was otherwise disposed of. The present holders of the title do not take from the testator, for whose debts it is now claimed the property is liable, but from one who held it absolutely exempt from those debts. Since she held the fee exempt from the debts of the testator contracted after the homestead character attached, and could convey it free from those debts, what reason can be suggested for saying that, on her death intestate, it became subject to such debts in the hands of her heirs, who took by inheritance all and whatever title she had?

The creditors had no right to resort to the homestead during the life of the debtor; the fee passed by his will to the widow; and the property in her hands was exempt from such debts; and her grantee would have so held it. At what time, then, and by force of what fact or circumstance, did it thereafter become liable for the debts of the original owner? At the death of the widow, then the owner of the property in fee, exempt from the devisor's debts, there cannot be engrafted on the absolute estate that descended to her heirs a limitation that never before attached. There is nothing in the statute or our prior decisions that requires a contrary holding.

We are of the opinion that creditors of the original owner who never had a right to resort to the homestead in his hands, could acquire no right to do so after the property had passed entirely out of the hands or estate of the debtor, and the title, derived from one who took it exempt from their claims, had vested in third parties, whether by descent or purchase. Creditors were no more prejudiced thereby than they would have been in the case of a conveyance by the debtor or the widow.

Cases cited by appellees, holding that one who takes the homestead by will takes by purchase, and that it is subject to

his own debts, are not in point, and were distinguished in the *Guthrie* case, supra.

We hold that the property was not subject to the debts of T. C. Pierson, and that the court erroneously ordered its sale by the administrator of his estate. So far as any question raised by this appeal is concerned, plaintiffs were entitled to partition, and their petition was improperly dismissed. As we have said, the question whether the property is liable for the debts of Iantha Pierson is not before us, and is not decided.

The cause is—*Reversed and remanded.*

FAVILLE, C. J., and STEVENS and DE GRAFF, JJ., concur.