STATE BANK OF HALSTAD, a Corporation, Appellant, v. ALFRED MUNTER and Jessie M. Munter, Respondents.

(225 N. W. 313.)

Opinion filed May 3, 1929.

*Theodore Kaldor* and *G. McLain Johnson (A. O. Ueland* of counsel) for appellant.

*I. A. Acker,* for respondent.

BURR, J. On November 25, 1921 the defendant Alfred Munter

gave the plaintiff his promissory note for $3,750.00, due November 25, 1923 with interest at the rate of 8%.

For many years prior thereto Munter was the owner of farm lands including the west half of section 4 and the west half of the northwest quarter of section 21, township 147, range 49, and on July 15, 1924 he deeded the same to his wife the co-defendant, the consideration therefor being "love and affection."

The aforementioned note being unpaid, on February 3, 1926, judgment was rendered thereon in favor of the plaintiff for $3,361.58. In August, 1926, an execution was issued on said judgment and returned wholly unsatisfied. On September 2, 1926, the defendant Alfred Munter served upon the Sheriff a claim of exemptions stating that his personal property did not exceed in value the sum of $965.00 and he claimed all of said property as exempt from said levy or sale on said execution. Thus no part of said judgment has ever been paid.

In June, 1927, plaintiff commenced this action to set aside the conveyance as being wholly without consideration, and after setting forth the foregoing facts, alleges: that it was made "with intent to hinder and delay and defraud plaintiff in the collection of its claim, above described, and that the same was received by the defendant Jessie Munter with full knowledge of such intent."

The defendants admit the conveyance, the giving of the note, its nonpayment, the issuance of the execution, the claim for exemptions and that the judgment is not paid. Defendants then allege that at that time a portion of the premises conveyed to the wife, the N. W. ¼ of Section 4 "was and ever since has been, and now is, used and occupied by the defendants and their family as the homestead under the laws of the State of North Dakota." They also allege "that plaintiff has shown inexcusable neglect and laches in the bringing of this action all to the prejudice of the defendants herein."

The only testimony in the case is that of the defendant Alfred Munter, called by the plaintiff for cross examination under the statute. He testified that at the time of the transfer he owned the E. ½ of section 5; against this there was a first mortgage of $8,500 and a second mortgage for $3,700 securing the note on which the plaintiff got this judgment; that he lost this land by foreclosure; that he owned this land involved; that against the S. W. ¼ of section 4 there was a first mortgage

for $3,500 and a second mortgage of $2,500; that against the N. W. $\frac{1}{4}$ of section 4 there was a first mortgage of $5,000 covering this land and the E. $\frac{1}{2}$ of the N. W. $\frac{1}{4}$ of 21, and a second mortgage for $3,750 on the lands in sections 4 and 21; that he owed at that time $40,000; that when he executed the conveyance he had about $3,000 worth of personal property, all unencumbered but had disposed of most of it, having now about $900 worth claimed as exempt; that the wife gave nothing for the land; that she was not with her husband when the deed was executed; and did not know of the conveyance to her until about three years after it was made.

At the close of this cross examination the plaintiff rested, and the defendants moved "to dismiss this case on the ground and for the reason that they (the plaintiff) have failed to prove any cause of action as set forth in their complaint against the defendant." The court granted this motion and later the plaintiff moved to vacate the judgment entered thereon, in favor of the defendant "or in case the trial court denied the same, for a new trial." This motion was based on the contention that the court erred in granting the motion of the defendants, and the evidence shows conclusively that at the time the husband transferred the land to his wife the debts amounted to over $40,000; that he had lost three quarter sections of land by foreclosure; that he had no personal property ont exempt; that his wife gave no valuable consideration for the transfer, and "did not even know for more than two years that the defendant Alfred Munter had transferred the said land to her." The trial court denied this motion and the plaintiff appeals setting forth the same specifications of error.

No testimony was given showing any delivery of the deed or record thereof, nor was there any proof of a homestead interest in any portion of the land, or that the defendants had at any time lived on any portion of the land involved. There is not a word in the testimony showing the value of any of this land. When the conveyance was made there were mortgages against the conveyed land amounting to $14,750, without considering past due interest if any. Thus the land involved was mortgaged for more than $36.00 per acre. There is nothing in the testimony to show whether the land was improved, or even had buildings on it. The fact that part is alleged to be a homestead would suggest buildings.

There is nothing to show how much interest was due on the first mortgage on the land in Section 5; who foreclosed it; what was its value; or whether it was worth redeeming. Presumably it was the first mortgage that was foreclosed as the defendants in their brief argue that the plaintiff took no steps to protect its equity in this land.

The real issue presented is—on whom is the burden of proof to show the value of the land alleged to have been fraudulently conveyed? Fraudulent intent is not a matter of law. By the provision of § 7223 of the Compiled Laws it is made a question of fact, and this section says further:

"Nor can any transfer or charge be adjudged fraudulent solely on the ground that it was not made for a valuable consideration."

We have held just recently that the section quoted "will not permit us to hold that a fraudulent intent will be conclusively presumed as a matter of law from the fact that a conveyance was made without consideration; and by one who was at the time insolvent." Murie v. Hartzell, post, 200, 225 N. W. 310 (decided at this term). Again in the case of Dakota Trust Co. v. Headland, 57 N. D. 810, 224 N. W. 220, it is held that even a fraudulent conveyance would not be set aside when the incumbrances on the property are such that there was nothing of substantial value which creditors could have subjected by law to the payment of their claims. This rule is supported in Minnesota in the cases of Blake v. Boisjoli, 52 Minn. 296, 53 N. W. 638; Aultman & T. Co. v. Pikop, 56 Minn. 532, 58 N. W. 551. In the light of these holdings it is clear the burden of proof is upon the plaintiff to show there was a fraudulent intent in this conveyance; that the conveyance was made and received with the intent to defraud creditors; that there was something in the property which creditors could subject to their claims. There can be no fraud of creditors if there be nothing in the land for the creditors. The conveyance was made of course, subject to the mortgages and we have no way of knowing that the land would even bring what was against it. It is true that a conveyance from husband to wife will be scrutinized carefully especially as in this case where the consideration is "love and affection;" but this goes merely to the quantum of proof. As stated in Murie v. Hartzell, supra, it is for the plaintiff to show that the transfer "was made with the in-

tent to delay or defraud any creditor or other person of his demands" against Alfred Munter.

The plaintiff cites us to the rule laid down in 27 C. J. 796, and the supporting case of Fryberger v. Berven, 88 Minn. 311, 92 N. W. 1125 to show the burden of proof is on the defendants to prove the property conveyed was of no substantial value. The case cited does not support such rule. There as the court said:

"The fact that a purchaser was found who was willing to pay $10,-000.00 in cash and agree contingently to pay a like further sum for a three-fourth interest in a quarter section of land in the mining belt of the state, indicates that the probability of developing a valuable iron mine there was very great which made the land valuable. The court cannot presume that the contingent interest was of no substantial value. If in fact it was not the burden was upon the defendants to establish it."

But it will be noticed that there was proof of value in the presumption which arose from the consideration stated in the conveyance. Evidently the court held this was sufficient presumption to require the defendants to rebut it. In the case at bar there is no monetary consideration, there is no testimony showing the value of the land, nothing to suggest any value, nothing on which to base a presumption, under our laws fraudulent intent is a question of fact, and plaintiff must show injury. The judgment is affirmed.

BURKE, Ch. J., and NUESSLE, BIRDZELL, and CHRISTIANSON, JJ., concur.