W. C. HAGGE et al., Appellants, v. J. H. GONDER et al., Appellees.

No. 43653.

DECEMBER 15, 1936.

Doran & Doran, for appellants.

Dyer, Jordan & Dyer, for appellees.

RICHARDS, J.—On July 19, 1934, plaintiffs recovered in justice of peace court two judgments against defendants Gonder. The judgments were transcripted. Execution was issued and returned endorsed "No property found". On December 27, 1934, this action was brought to set aside as fraudulent a deed bearing date July 12, 1934, conveying 160 acres of land in Boone County, in which deed said Gonders, defendants herein, were grantors and the defendant Gilbert was grantee. The petition also seeks to set aside the assignment of the current lease of the premises

for 1934 and to subject the land and lease to payment of plaintiffs' judgments. A defense was made by defendant Gilbert, defendants Gonder not appearing. The trial court upon a hearing on the merits dismissed the petition of plaintiffs and they have appealed.

Defendants Gonder are the parents of defendant Gilbert, and for many years had owned and lived upon the land conveyed in said deed. At the time of the trial the age of the father was eighty years and of the mother seventy-one. For a number of years both defendants Gonder had been in poor health, and largely incapacitated, unable to do much of the farm work. More recently they had been renting out a large part of the farming land, occupying the house and improvements and making use of an unrented portion of the premises. The farm was encumbered with a mortgage in the principal sum of $14,900. Defendant Gilbert was married in 1916. In 1917 she removed with her husband to his farm near Polo, Illinois, where their residence continued until about March 1, 1935. In January, 1934, defendant Gilbert visited in the Gonder home and there was a conference with reference to the needs of her parents. It was evident that their condition of health called for assistance in their home, and in addition there had accumulated a considerable amount of delinquent interest on the mortgage and there were unpaid taxes. Foreclosure was imminent. At about that time there was also a conference held by six other children of the Gonders with respect to the situation. It is defendant's evidence that correspondence followed between the Gonders and defendant Gilbert through which an agreement was reached that the Gonders on their part would convey this land to defendant Gilbert, and the latter would pay off the defaulted interest and taxes, would remove with her husband from Illinois to the Gonder home, and living there would care for her parents. This agreement was arrived at in the latter part of March or first of April, 1934, and thereupon defendant Gilbert shipped nine head of livestock belonging to herself or her husband from Illinois to the Gonder farm, including three milch cows. The occasion for so doing was the lack of livestock owned by the Gonders. The milch cows were included in the shipment in order that there might be on the farm a source of milk and butter for these old people. The deed, following this arrangement, was executed July 12, 1934, at which time grantee defendant Gilbert had again returned to

Iowa. As a part of the transaction defendant Gilbert on the same day paid delinquent interest on the mortgage in the sum of $1,179.84 and delinquent taxes in the sum of $278.18. The current lease of the farm could not on that day be assigned as the mortgagee, holding the lease for security, refused to surrender same until the check of defendant Gilbert given for the interest had cleared. As a result the lease was assigned on August fourth. Grantee Gilbert and her husband removed from Illinois to the Gonder home on about March 1, 1935, and from that time were carrying out the arrangement that they would live in the Gonder home rendering the care and assistance that was needed. They had also expended $400 in repairing the buildings and fences.

The propositions relied on by appellants for reversal may be summarized as follows: First, that the court erred in finding that a certain forty-acre tract of this farm was the homestead of the Gonders at the time of the conveyance; and second, that the court erred in permitting defendant Gilbert to file two amendments to her answer subsequent to the submission of the case and erred in giving consideration thereto; and third, the court erred in failing to set aside the conveyance and assignment of lease because it was presumptively fraudulent and was affirmatively shown to be so.

■■■ The court's finding that one forty-acre tract of the farm constituted the homestead of the Gonders at the time of the conveyance is sufficiently established by the testimony introduced not only by defendant but by plaintiffs. The record shows that the Gonders had occupied this forty where the residence and buildings are located continuously as their home for a great many years. They were husband and wife and constituted a family during all that period of time. This was undisputed. Interwoven with this matter of homestead rights is appellants' further contention that the court erred in permitting defendant Gilbert after submission of the case to file an amendment to her answer expressly reciting the fact of the homestead character of this forty-acre tract, and that consequently the court erred in considering at all the homestead question. Plaintiffs did not attack in the court below the propriety of the filing of the amendment by moving to strike or otherwise, but raise the question for the first time on appeal. But in any event it was within the discretion of the trial court to permit amendments in order to con-

form the pleadings to the proof and we fail to find wherein such discretion was abused in view of the record in this case. Eilers v. Frieling, 211 Iowa 841, 234 N. W. 275; Fisher v. McCarty, 197 Iowa 369, 195 N. W. 608.

■■■ Anent appellants' proposition that the conveyance was presumptively fraudulent and affirmatively shown to be so, it appears unnecessary to determine the character of the transaction in that respect. This is because a careful review of the testimony concerning the value of the land and the lease, at the time of the alienation by the Gonders, compels concurrence with the conclusion of the trial court that the amount of the mortgage encumbrance was in excess of value of the nonexempt 120 acres and the current lease. For that reason, regardless of the character of the transfer with respect to fraud, the conveyance did not in any event injure or hinder the plaintiffs as creditors of the Gonders. The nonexempt security bore the burden of payment of the mortgage debt before resort could be had to the homestead. There would have been no nonexempt property remaining after its such application. In Willey v. Hite, 175 Iowa 657, loc. cit. 672, 149 N. W. 250, 255, also a credtor's suit, this court has said:

"Before a court of equity will intervene, it must be shown that the plaintiff, seeking to have the conveyance set aside, has not only a substantial, but a valuable and present, right to be protected by a decree of the court. This reaches far into the field of speculation. The rights of these parties are to be judged by the conditions existing at the time that this cause was tried, and as they appear in this record, and the court will not enter into speculation as to possible conditions that might arise, but are not shown to exist in this record." See also Hewitt v. Blaise, 202 Iowa 1109, 211 N. W. 479.

The foregoing renders unnecessary a discussion of appellants' proposition that the court erred in permitting defendant to file after submission a second amendment specifically alleging payment by her of a sufficient consideration.

No error appears in the dismissal of plaintiffs' petition. There is an affirmance.—Affirmed.

PARSONS, C. J., and ANDERSON, DONEGAN, KINTZINGER, ALBERT, HAMILTON, and STIGER, JJ., concur.