WALTER ET AL. *v.* DEPARTMENT OF FINANCIAL INSTITUTIONS OF INDIANA

[No. 16,158.   Filed October 17, 1939.]

*Mountz & Mountz,* for appellants.

*Rex S. Emerick,* and *Dunten & Dunten,* for appellee.

Dudine, J.—This was an action by appellee in the liquidation of the Lagrange State Bank of Lagrange, Indiana, against appellants to set aside a deed executed by appellants, Burritt S. Walter and Lou S. Walter, husband and wife, on the 2nd day of October, 1932, by which they conveyed to appellant, Nina Aldrich, their daughter, part of out lot number three (3) in the town of Lagrange. The complaint charged that said conveyance was made with the intention of defrauding creditors of the grantors, and it asked that the deed be declared null and void. Appellant, Forest Aldrich, was the husband of appellant, Nina Aldrich, and was made a party to the cause for that reason.

The cause having been submitted to the court for trial without a jury upon the issues formed by the complaint and an answer in general denial filed by all appellants, the court found for appellee in accordance with said allegations in the complaint and

decreed that said deed be declared to be of no force or effect as against appellee.

In due time appellants filed a separate and several motion for new trial, which was overruled, and perfected this appeal. The overruling of said motion for new trial is the only error assigned upon appeal.

The grounds for new trial set forth in the motion therefor and presented upon appeal are, (1) the decision of the court is not sustained by sufficient evidence, and (2) error in admitting certain exhibits in evidence over objections of appellants.

The evidence shows, among other facts, that on the 4th day of March, 1931, appellants, Burritt S. Walter and Lou S. Walter, were husband and wife, and were owners in fee simple, as tenants by the entirety, of said real estate. On that date they became indebted to said bank in the sum of $3,000.00 and as evidence thereof they executed their promissory note to said bank in the principal sum of $3000.00, providing for interest at seven percent per annum. A payment of $100.00 on the principal was made April 6, 1932, and interest was paid to March 4, 1932. No further payments were made on the note. On the 2nd day of October, 1932, said debtors executed and delivered to appellant, Nina Aldrich (their daughter) their deed as alleged in the complaint. The deed reserved to the grantors a life estate in the real estate.

Appellants contend the decision of the court is not sustained by sufficient evidence because there is no evidence as to the value of said life estate which was reserved by the grantors. They contend that to sustain the decision, the evidence must show, in addition to other necessary ultimate facts, that said life estate was not worth more than the indebtedness due appellee's predecessor in in-

terest from said grantors at the time said deed was executed and delivered. Appellants' said contention is in legal effect simply the contention that to sustain the decision, the evidence must show not only that the deed was executed with intent to defraud creditors, but the evidence must further show that appellee was in fact harmed by the conveyance. Similar contentions were sustained by our Supreme Court in *Marmon* v. *White et al.* (1898), 151 Ind. 445, 51 N.E. 930; *Citizens Bank* v. *Bolen* (1889), 121 Ind. 301, 306, 307, 23 N.E. 146; *Moss* v. *Jenkins* (1897), 146 Ind. 589, 599, 45 N.E. 789.

Although we have found no evidence which posi-, tively showed the value of said life estate, we think the evidence clearly shows that appellee, or its pred-, ecessor in interest, was harmed by said deed; the evidence shows that the life estate reserved by said grantors was not worth more than the amount of the indebtedness than due appellee's predecessor in interest.

From facts, which we have previously stated were shown by the evidence, it is clear that on October 2, 1932, when said deed was executed there was a balance of $2900.00 of the principal of said note and interest from March 4, 1932, unpaid. Evidence of appellants' witnesses shows that on October 2, 1932, said real estate was worth $2800.00. It will be noted that said witnesses testified in effect that the real estate in fee simple was worth less than the amount of said indebtedness. That being true, the life estate reserved by the grantors was worth less than the amount of said indebtedness. Furthermore, it should be noted that said real estate was subject to a mortgage indebtedness in the principal sum of $1500.00 when said conveyance was made. Deducting the amount of said mortgage indebtedness from the

value of said real estate as fixed by said witnesses, to wit: deducting $1500.00 from $2800.00 leaves $1300.00 as the net value of said real estate. It is apparent that the value of the life estate reserved by the grantors could not exceed said indebtedness due appellee's predecessor in interest if $2800.00 is considered the value of the real estate, and for the purpose of this question upon appeal we may adopt such amount as the value thereof.

Appellants contend further that the decision of the court is not sustained by sufficient evidence because the evidence does not show that at the time of said conveyance there was not sufficient other property subject to execution from which appellee's debt could have been satisfied.

The evidence shows that on the date said deed was executed and since then neither of said grantors owned any other real estate or interests in real estate out of which appellee's debt could have been satisfied. There is evidence in the record which shows that on said date Burritt S. Walter owned personal property out of which said debt or part thereof could have been satisfied,—but the evidence shows further that said deed was not recorded until October 15, 1934, more than two years after it was executed and delivered and that neither of said grantors owned personal property at that time of a value in excess of $600.00. Said last mentioned fact was shown by schedules of property subscribed and sworn to by said grantors.

The evidence does not show that at any time since then either of said grantors owned sufficient personal property to satisfy appellee's debt. In the absence of such evidence, it may be presumed that at no time since said schedules were filed did said grantors own sufficient personal property to satisfy ap-

pellee's debt. *Towns et al.* v. *Smith et al.* (1888), 115 Ind. 480, 16 N.E. 811.

It would certainly be unjust to hold that appellee should be denied the right to set aside this deed, because appellee, or its predecessor in interest, could have satisfied the debt in 1932 out of the personal property of Burritt S. Walter. At that time and from then until said deed was recorded, appellee was justified in assuming that it could satisfy the debt out of said real estate. To hold the contrary would enable the grantors of said real estate to profit by their fraudulent act through operation of law.

Three of the exhibits which were introduced in evidence over the objections of appellant and complained of on appeal are "Statement(s) of Judgments" against said grantors which are signed by the clerks, and attested by the Judge of the respective circuit courts in which the judgments were rendered.

Said exhibits did not comply with the specifications of "copies of records" as fixed by § 2-1617 Burns 1933, § 258 Baldwin's 1934.

Appellants also complain of the introduction of plaintiff's (appellee's) exhibit 15 over their objection. Said exhibit consisted of four affidavits of the auditor of Lagrange county relating to the contents of certain schedules of personal property of said grantors for taxation as shown in said auditor's office.

We refrain from determining whether the court's rulings as to any of said exhibits were erroneous because we think that it appears from the record that the merits of this cause have been fairly tried and determined in the court below. Sec. 2-3231 Burns 1933, § 505 Baldwin's 1934; *Harris et al.*

v. *Randolph County Bank* (1901), 157 Ind. 120, 138, 60 N.E. 1025. Under such circumstances said rulings, if erroneous, were harmless.

We deem it advisable to note here that appellants have not challenged the sufficiency of the evidence to prove that said deed was executed and delivered with the intention of defrauding creditors.

No reversible error having been shown, the judgment is affirmed.