HALL ROBERTS' SON, INC., appellant, v. WALTER F. PLAHT, also known as WALTER PLAHT, et ux., appellees.

R. J. COONEY, doing business as R. J. COONEY CONSTRUCTION COMPANY, appellant, v. WALTER F. PLAHT et ux., appellees.

No. 50538.

APRIL 3, 1962.

Hart & Hart, of Waukon, for appellants.

Sheridan & Sheridan, of Waukon, for appellees.

GARFIELD, C. J.—These are two suits in equity, consolidated for trial, by existing creditors of defendant-husband to set aside as fraudulent a deed from him to his wife of an undivided half interest in a 143-acre farm. All the land, except a noncontiguous 10-acre timber tract was and is subject to a mortgage for about $8000. The remaining 133 acres include the nonplatted homestead of 40 acres with buildings thereon. The debts owing plaintiffs were not contracted prior to defendants' acquisition of the homestead and it is therefore exempt from judicial sale to satisfy them. Sections 561.16, 561.21, Code, 1958.

Following trial, the district court held the deed, although without consideration and fraudulent, is valid as to the homestead and that defendant-husband had no equity in the rest of the 133 acres subject to the mortgage. Relief was therefore denied except as to the husband's undivided half interest in the 10-acre timber tract which, as stated, was not included in the mortgage. Plaintiffs have appealed.

Plaintiffs' judgments against defendant-husband Walter Plaht were obtained August 17, 1959. Plaintiff Roberts' judgment for $1105 is based on an account which began January 7, 1954. Plaintiff Cooney's judgment for $125 is on an account commencing December 19, 1953. The 143 acres were deeded to defendants under date of January 12, 1943, for a recited consideration of $13,833. The deed from husband to wife herein under attack is dated May 6, 1957. It recites consideration of one dollar and other valuable consideration. Although evidence on

the point is not as clear as it might be, we think it appears plaintiffs' claims, at least Roberts', were fully owing when the deed was made.

The day the deed is dated Walter gave his wife, Lena, a bill of sale to what farm machinery he had and his half interest in the livestock. Both deed and bill of sale were filed for record, evidently by Walter, the day they were executed. Lena paid nothing at the time for the deed or bill of sale. When the farm was purchased in 1942 Lena put into it what money she had. She had inherited $3000 to $4000 from her father who died in September 1938. Walter inherited $1400 or $1500 from his father in 1947. There is no evidence Walter agreed to repay Lena the money she put into the farm. Executions issued on the Roberts' judgment were returned unsatisfied. After Walter gave his wife the deed and bill of sale he had no property left.

I. As we have intimated, since the homestead is exempt from plaintiffs' claims, the debtor had a perfect legal right to convey it to his wife regardless of his motive. As sometimes said, so far as exempt property is concerned, there are no creditors. Platting of the homestead was not essential. To the extent of the homestead therefor, the deed will not be set aside. The relief granted plaintiffs is subject to defendants' homestead rights. Commercial Savings Bank v. McLaughlin, 203 Iowa 1368, 1373, 214 N.W. 542; Wheeler v. Meyer, 201 Iowa 59, 61, 206 N.W. 301, and citations; Citizens State Bank v. Arndt, Iowa, 205 N.W. 466; Dolan v. Newberry, 200 Iowa 511, 517, 202 N.W. 545, 205 N.W. 205; M. D. Wells & Co. v. Anderson, 97 Iowa 201, 203, 66 N.W. 102, 59 Am. St. Rep. 409; 37 C. J. S., Fraudulent Conveyances, section 31a, b, c; 24 Am. Jur., Fraudulent Conveyances, section 109.

II. Where a conveyance includes both homestead and nonhomestead property, creditors of the grantor are entitled to reach the property not thus exempt if the conveyance is fraudulent as to them. In such event they are entitled to enforce their claims against the excess, and only the excess, over the homestead right. 37 C. J. S., Fraudulent Conveyances, section 31c, page 881. See also Citizens State Bank v. Arndt, supra; Brennecke v. Riemann, Mo., 102 S.W.2d 874, 109 A. L. R. 1214, 1219.

After deducting the exempt homestead 40 acres, there

remained Walter's undivided half interest in the 93 acres in addition to the 10-acre timber tract. As stated, the homestead and the 93 acres were encumbered by a mortgage for about $8000. However, the homestead could be sold to satisfy the mortgage debt "only for a deficiency remaining after exhausting" the 93 acres. Section 561.21(2), Code, 1958.

Plaintiffs were not entitled to insist that for their protection the burden of the mortgage be first thrown upon the homestead. Bankers' Life Assn. v. Engelson, 148 Iowa 594, 598, 599, 126 N.W. 951, and citations; In re Estate of Butterfield, 196 Iowa 633, 195 N.W. 188; Mounce v. Wightman, 29 Ariz. 567, 243 P. 415, 44 A. L. R. 754, 757, and annotation, 758; Annotation, 77 A. L. R. 371; 26 Am. Jur., Homestead, section 98.

Thus in determining whether plaintiffs were deprived of something of value by the deed in question, the 93 acres must be regarded as subject to the mortgage for about $8000. The trial court found Walter's undivided half interest in the 93 acres was alone subject to the entire mortgage debt, that its value did not exceed such debt and therefore plaintiffs were not deprived of a right to resort to property of substantial value by the deed to Lena. If only Walter's half interest in the 93 acres were subject to the mortgage debt, there would be little room for disagreement with the above holding. But, as we have indicated, we think it is obvious error to charge more than half the mortgage debt against Walter's interest. However, less obvious is the claimed error in holding there was no equity in such interest in excess of the homestead right and the mortgage debt.

The value of the land which is controlling is the value at the time the deed was made in May 1957. If the deed was fraudulent at all, it was fraudulent then. Bratrsovsky v. Nestor, 145 Neb. 614, 17 N.W.2d 669, 673, and citation. See also Goldstein v. Morgan, 122 Iowa 27, 29, 96 N.W. 897. Further, the value in which we are interested is not the value of the entire farm but of Walter's undivided half interest subject to the unplatted homestead in the buildings and 40 acres and also subject to the mortgage which must be regarded as covering the 93 acres other than the homestead.

We are satisfied it was plaintiffs' burden to prove the interest Walter conveyed was of substantial value on May 6,

1957. Unless it was, plaintiffs were not harmed or prejudiced by the deed in question. Fraud without resulting injury does not give rise to a cause of action such as this.. Willey v. Hite, 175 Iowa 657, 672, 149 N.W. 250, 255; Hagge v. Gonder, 222 Iowa 954, 957, 270 N.W. 371; Walter v. Department of Financial Institutions, 107 Ind. App. 29, 22 N.E.2d 891, 892, and citations; State Bank of Halstad v. Munter, 58 N. D. 194, 225 N.W. 313; Kopf v. Engelke, 240 Wis. 10, 1 N.W.2d 760, 761. See also Aultman, Miller & Co. v. Heiney, 59 Iowa 654, 13 N.W. 856; Veeder v. Veeder, 141 Iowa 492, 495, 120 N.W. 61; Hewitt v. Blaise, 202 Iowa 1109, 1113, 1114, 211 N.W. 479; Glover v. Berger, 75 Wyo. 191, 294 P.2d 793, 60 A. L. R.2d 583, 591; 37 C. J. S., Fraudulent Conveyances, section 61; Idem, section 10; 24 Am. Jur., Fraudulent Conveyances, section 173.

Where a like issue was involved, Willey v. Hite, supra, states: "Before a court of equity will intervene, it must be shown that the plaintiff, seeking to have the conveyance set aside, has not only a substantial, but a valuable and present, right to be protected by a decree of the court." Hagge v. Gonder, supra, repeats this in a case where part of the land conveyed was the homestead and it and other land were mortgaged. The opinion first observes, "The nonexempt security bore the burden of payment of the mortgage debt before resort could be had to the homestead."

Walter v. Department of Financial Institutions, supra, says, "* * * the evidence must further show that appellee was in fact harmed by the conveyance." (Page 32 of 107 Ind. App.)

From Kopf v. Engelke, supra (at page 14 of 240 Wis., page 761 of 1 N.W.2d): "It is a well-established principle of law that an action cannot be maintained to set aside a conveyance as fraudulent unless the plaintiff shall have been injured by the conveyance. Fraud without injury is not enough."

Our conclusion plaintiffs had the burden to prove the grantor's undivided interest was of substantial value also finds support by analogy in decisions that, although the burden is upon defendants to show the homestead character of the property conveyed, the creditor has the burden to prove the property exceeded in value the permissible homestead exemption. Peck v. Peck, 51 S. Dak. 157, 212 N.W. 872, 874, 875; Schuler v.

Johnson, 63 S. Dak. 542, 546, 261 N.W. 905, 907; Williams v. Peterson, 86 Utah 526, 46 P.2d 674; Annotation, 154 A. L. R. 913, 916.

Schuler v. Johnson, supra, states: "It once appearing that property is the homestead of a grantor, a conveyance thereof cannot be deemed in fraud of his creditors, unless and until such creditors affirmatively establish that the property thus conveyed exceeded in value the permissible homestead exemption."

Apparently in recognition of their burden, plaintiffs' petitions allege the deed was made "with the fraudulent intent of cheating this plaintiff and to prevent it from realizing upon any judgment it might obtain and to defeat his creditors." In further recognition of such burden, plaintiffs offered in evidence the opinion of plaintiff Roberts' treasurer that the reasonable value *of the Plaht farm is* $225 an acre.

Plaintiffs cite one precedent which bears on the question for their contention the burden was on defendants to prove Walter's interest was of no substantial value—Fryberger v. Berven, 88 Minn. 311, 92 N.W. 1125. It does not support the contention as State Bank of Halstad v. Munter, supra, 58 N. Dak. 194, 225 N.W. 313, points out.

In the Fryberger case a debtor conveyed his three-fourths interest in a quarter section in the Minnesota iron belt for a recited consideration of $10,000 cash and a like sum to be paid when 200,000 tons of ore were mined from the premises, reserving a lien to secure payment of this added sum. The debtor then made a quitclaim deed of the land to a relative who in turn quitclaimed it to the grantor's wife. It was held a creditor could resort to the debtor's right to receive the added $10,000 secured by the lien. In response to defendants' contention the interest was of no value the court pointed out the recited consideration of $10,000 cash and added like sum probably indicated a valuable iron deposit in the land and if in fact the grantor's reserved interest was of no substantial value defendants had the burden to establish it. The court apparently thought the recitals in the first deed were prima-facie proof the reserved right to the added amount was of substantial value. Nothing of the kind appears here.

The only competent evidence of value is the one witness's opinion of the per acre value of the entire farm presumably at the time of trial, May 27, 1960, three years and 21 days after the deed was made. No attempt was made to show the value of Walter's undivided half interest, subject to the unplatted homestead right and to the mortgage, on this earlier date. We know nothing of the kind of farm it is or was; whether the land is comparatively level or rough; whether it is crop land or pasture. So far as we know none of it can be cultivated.

It may be assumed evidence of the value of the farm at the time of trial is some evidence of its value a little over three years earlier. However, the farm was probably worth less when the deed was made than at the time of trial. How much less is a matter of speculation. Nor are we justified in assuming, without evidence on the point, that the value of an undivided half interest is as much as half the value of the whole farm. Unless he can agree with the owner of the remaining interest, the owner of such an interest must resort to a partition suit to acquire full ownership of part of the land or its proceeds.

A fact which renders Walter's interest of even more uncertain value is that it is subject to defendants' unplatted homestead right in the buildings and 40 acres. What 40 acres they will select we have no way of knowing. They will probably try to select the most valuable land. Whether selection of the homestead will leave land that will produce crops we do not know. Existence of the mortgage on the 133 acres adds to the uncertainty of the value of the undivided interest conveyed.

Since the 10-acre timber tract was not contiguous to the rest of the land it was not subject to the homestead right (see section 561.1, Code, 1958), nor to the mortgage. As stated, the conveyance was set aside as to Walter's interest in this tract and we are not concerned with the correctness of this holding.

 Under all the circumstances it was probably impossible to prove the precise value of the debtor's interest when the deed was made. Nor should this be required. What we hold is that plaintiffs did not discharge their burden to prove such interest was then of substantial value by merely offering the opinion of a witness the value *of the farm* was $225 an acre *at the time of trial*. Any conclusion the interest sought to be reached was, when

conveyed, of sufficient value to entitle plaintiff to equitable relief must rest in substantial part on speculation and conjecture.

In saying the only competent evidence of value is the opinion of the one witness we do not overlook financial statements given by Walter to a bank, the last of which according to the trial court's findings was dated November 3, 1956. Although the exhibits were not certified to us, the court's findings say this unsworn statement gave the total value of the farm at about $213 per acre. These exhibits were objected to as incompetent, hearsay and not binding on defendant Lena.

We think this objection was good if it was sought to show by the exhibits, as against the grantee, the value of the farm. Harlan Production Credit Assn. v. Schroeder Elev. Co., 253 Iowa 345, 347, 112 N.W.2d 320, 322, and citation; Botna Valley State Bank v. Greig, 190 Iowa 155, 161, 180 N.W. 301; Thomas v. McDonald, 102 Iowa 564, 571, 71 N.W. 572; Annotation, 83 A. L. R. 1446, 1456, citing several Iowa decisions that bear on the question; 24 Am. Jur., Fraudulent Conveyances, section 223. Nothing seems to be claimed in argument for these exhibits on the question of value.—Affirmed.

All JUSTICES concur.